594 So.2d 864 (1992)
Richard A. BOLT, M.D., Appellant,
v.
Alvin SMITH, M.D. and Reverend Hal Marchman, Appellees.
No. 91-349.
District Court of Appeal of Florida, Fifth District.
March 6, 1992.
Donald E. Christopher and Melanie M. Ruta of Litchford, Christopher & Milbrath, P.A., Orlando, for appellant.
Richard B. Rosier and John A. Wilkerson of Rosier, Ebbets, Armstrong & Morello, Daytona Beach, for appellee Alvin Smith, M.D.
Laurence H. Bartlett of Black, Crotty, Sims, Hubka, Burnett, Bartlett and Samuels, Daytona Beach, for appellee Reverend Hal Marchman.
GOSHORN, Chief Judge.
This is an appeal from the trial court's order dismissing this cause for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). The record shows that a trial judge who had previously recused himself mistakenly entered an order setting the case for trial and then subsequently set aside that order. The appellees argue that these actions had the effect of a continuance and obligated the appellant (plaintiff below) to re-notice the case for trial. See Fishe & Kleeman, Inc. v. Aquarius Condominium Association, Inc., 524 So.2d 1012, 1014 (Fla. 1988). However, Florida case law is well settled that once a trial judge has recused himself, further orders of the recused judge are void and have no effect. Rogers v. State, 341 So.2d 196 (Fla. 4th DCA 1976). Furthermore, in Mikos v. Sarasota Cattle Co., 453 So.2d 402 (Fla. 1984), the Florida Supreme Court held that once a plaintiff gives notice of readiness for trial, the trial judge must enter an order setting a date for trial. The trial court is thereafter precluded from dismissing the action for failure to prosecute even if the plaintiff fails to take any further action. Accordingly, the duty to re-notice the case for trial never arose in the instant case.
REVERSED and REMANDED.
COWART and PETERSON, JJ., concur.