686 So.2d 647 (1996)
Alicia A. WILSON, as a Beneficiary of the Estate of Paul C. Armstrong, Deceased, Appellant,
v.
Betty G. ARMSTRONG and Paul C. Armstrong, Jr., as Personal Representatives of the Estate of Paul C. Armstrong, Deceased, Appellees.
No. 95-4088.
District Court of Appeal of Florida, First District.
December 2, 1996.
Frank B. Metcalf and Douglass E. Myers, Jr. of Head, Metcalf, Aguilar, Moss, Sieron, Perritt & Myers, P.A., Orange Park, for appellant.
Eugene G. Peek III, Sarah Helene Sharp, and James E. Cobb of Peek & Cobb, P.A., Jacksonville, for appellees.
WOLF, Judge.
Alicia Wilson seeks review of an order denying her Objection to Accounting and Motion to Extend the Time for Filing Further Objections. She alleges that the trial court's decision was based on improper ex parte communication. We treat this appeal as a petition for writ of common law certiorari *648 pursuant to Florida Rule of Appellate Procedure 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought...."). See Powell v. Chancy-Stoutamire, Inc., 546 So.2d 1135 (Fla. 1st DCA 1989). We grant the petition.
In June 1995, the trustees of Alicia Wilson's father's estate filed six interim accountings. Alicia Wilson filed an objection to the accountings and a motion to extend time for filing further objections. Subsequently, the trial judge initiated an ex parte meeting with the accountant of the estate. Based on the ex parte discussions with the accountant, the trial court entered an order disallowing the objections, approving the accountings, and denying the motion to extend time for filing further objections. The order states in relevant part as follows:
The court after hearing argument of counsel visited the office of Stephen Duval, CPA, the accountant for the estate interest, on October 23, 1995, to review some of the objections raised by the petition. In approximately one hour time through discussions with Mr. Duval and examination of his working papers the court is of the opinion that the various objections raised by petitioner have no merit.... The court is confident that should the petitioner and her attorney, Mr. Metcalf, schedule an appointment with Mr. Duval to review the working papers and underlying documents that support the accountings thus far that they too will be assured that the accounting matters of the estate have been properly handled.
This order indicates that the trial judge visited the estate's accountant without appellant to discuss substantive objections to the accountings. Such ex parte communications are clearly improper under the Code of Judicial Conduct, Canon 3, which states in relevant part as follows:
(7) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:
(a) Where circumstances require, ex parte communications for scheduling, administrative purposes, or emergencies that do not deal with substantive matters or issues on the merits are authorized, provided:
(i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and
(ii) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.
Florida Code Jud. Conduct, Canon 3B(7).
Canon 3 excludes all ex parte communications with all judges in all judicial proceedings, except when expressly authorized by law. Inquiry Concerning Miller, 644 So.2d 75, 78 (Fla.1994); Inquiry Concerning Clayton, 504 So.2d 394, 395 (Fla.1987). Although effective after the instant order was entered, the commentary to Canon 3 specifically prohibits a trial judge from independently investigating facts in a case.
Canon 3B(7). The proscription against communications concerning a proceeding includes communications from lawyers, law teachers, and other persons who are not participants in the proceeding, except to the limited extent permitted.
To the extent reasonably possible, all parties or their lawyers shall be included in communications with a judge.
....
Certain ex parte communication is approved by Section 3B(7) to facilitate scheduling and other administrative purposes and to accommodate emergencies. In general, however, a judge must discourage ex parte communication and allow it only if all the criteria stated in Section 3B(7) are clearly met....
A judge must not independently investigate facts in a case and must consider only the evidence presented.
Fla.Code Jud. Conduct Canon 3 commentary.
We are required to overturn a trial court's decision when, as in the instant case, *649 the appellate court cannot determine if the trial judge's actions were harmless because the trial court's order was based on communications outside the record. Hatin v. Mitjans, 578 So.2d 289, 290 (Fla. 3d DCA), rev. den., 591 So.2d 181 (Fla.1991) (noting reversal is required where a complaining party shows specific prejudice or where, owing to the nature of the ex parte communication, the reviewing court is unable to determine whether the action was actually harmless); Hanson v. Hanson, 678 So.2d 522 (Fla. 5th DCA 1996) (holding conduct of trial judge in participating in ex parte meeting created appearance of impropriety which permeated proceeding and required reversal).
Because the ex parte communication was a departure from the essential requirements of law and this departure will cause harm that will not be curable on review of the final judgement, we grant the petition for review, quash the order, and remand to the trial court to consider appellant's objections and motion for extension of time to file further objections. Because the trial judge can not divest himself from the ex parte information he obtained, on remand we direct this case be reassigned to another judge in the fourth judicial circuit.
BOOTH and JOANOS, JJ., concur.