705 So.2d 723 (1998)
Dean LEA, Petitioner,
v.
Donald WIGTON and Barbara Wigton, et al., Respondents.
No. 98-62.
District Court of Appeal of Florida, Fifth District.
February 20, 1998.
Barry Kalmanson, Maitland, for Petitioner.
No Appearance for Respondents.

ON PETITION FOR WRIT OF CERTIORARI
ANTOON, Judge.
Dean Lea (petitioner) filed a petition for writ of certiorari requesting that this court quash the trial court's order denying his motion to strike Donald and Barbara Wigton's (respondents) affirmative defenses. We deny the petition because Lea has failed to establish that entry of the trial court's order constituted irreparable harm.
On April 30, 1997, the trial judge heard argument regarding the petitioner's motion to strike the respondents' affirmative defenses and then took the matter under advisement. On November 13, 1997, the trial judge entered an order disqualifying himself because he was "personally acquainted" with the respondents. Thereafter, on December 14, 1997, the trial judge entered an order denying the petitioner's motion to strike the respondents' affirmative defenses.
The petitioner correctly argues that the trial judge departed from the essential requirements of the law by entering the order denying the motion to strike the respondents' affirmative defenses. In this regard, once an order disqualifying a judge is entered, the judge is prohibited from any further participation in the case. Dream Inn, Inc. v. Hester, 691 So.2d 555, 556 (Fla. 5th DCA 1997). As a result, any order entered by a judge after that judge has been disqualified is void. Bolt v. Smith, 594 So.2d 864 (Fla. 5th DCA 1992).
However, more is required for issuance of a writ of certiorari. Specifically, a petitioner seeking this extraordinary relief must also demonstrate that if the writ is not issued then judicial error will result in material injury throughout the remainder of the proceedings leaving no adequate remedy on direct appeal. See generally Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). This burden of irreparable harm cannot be met in this case because the erroneous order denying the petitioner's motion to strike is void and therefore has no effect. In fact, the petitioner's motion to strike is still pending and may be heard by the successor judge. Accordingly, we must deny the petition for writ of certiorari.
PETITION DENIED.
HARRIS and THOMPSON, JJ., concur.