732 So.2d 499 (1999)
Kenneth MEAWEATHER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2651.
District Court of Appeal of Florida, First District.
May 27, 1999.
Appellant pro se.
Robert A. Butterworth, Attorney General; Laura Fullerton Lopez, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
In this appeal from the denial of a motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), appellant raises only one issue. He asserts that the trial judge who denied the motion had previously entered an order recusing himself from further participation in the case and that, therefore, the order is void. Appellant requests that the order be vacated, and the case remanded with directions that another judge be assigned to consider and rule upon his motion.
We issued an order which directed the state to show cause "why the relief requested by appellant ... should not be granted, the order of the trial court vacated, and the case returned to the trial court so that appellant's motion may be considered and ruled upon by another judge." On the last day permitted for a response to the order to show cause, the state filed, instead, a motion to supplement or correct the record. That motion conceded that the trial judge "had earlier recused himself from this case." Notwithstanding that concession, the state requested that the record be supplemented by a copy of the *500 state's response in the trial court to appellant's motion, noting that the trial court's order denying relief had stated that it was adopting the state's response.
"[O]nce a trial judge has recused himself, further orders of the recused judge are void and have no effect." Bolt v. Smith, 594 So.2d 864 (Fla. 5th DCA 1992). Accord Lea v. Wigton, 705 So.2d 723 (Fla. 5th DCA 1998); Long Term Management, Inc. v. University Nursing Care Center, Inc., 704 So.2d 669 (Fla. 1st DCA 1997); Rogers v. State, 341 So.2d 196 (Fla. 4th DCA 1976). Having conceded that the trial judge had, in fact, previously recused himself, the state has, likewise, conceded that appellant is entitled to the relief he requests. The contents of the state's response in the trial court to appellant's motion are irrelevant to the resolution of this appeal.
The state's motion to supplement or correct the record is denied. The order denying appellant's motion to correct an illegal sentence is vacated, and the case is remanded. On remand, the chief judge of the circuit shall appoint a different judge to consider and rule upon appellant's motion.
REVERSED and REMANDED, with directions.
MINER and LAWRENCE, JJ., CONCUR.