765 So.2d 855 (2000)
Helen P. BERRY, Petitioner,
v.
William F. BERRY, Respondent.
No. 5D00-1145.
District Court of Appeal of Florida, Fifth District.
August 18, 2000.
*856 Gary Siegel, Fern Park, for Petitioner.
Shannon McLin Carlyle, of Shannon McLin Carlyle, P.A., Leesburg, and J. Cheney Mason of J. Cheney Mason, P.A., Orlando, for Respondent.

ON MOTION FOR CLARIFICATION
PER CURIAM.
This matter comes before us on a motion to clarify an opinion filed by this court on June 30, 2000. Upon consideration, we withdraw that opinion and substitute the following.
Pursuant to rule 2.160, Florida Rules of Judicial Administration, Helen P. Berry (the wife) moved to disqualify the trial judge, O.H. Eaton, Jr., from presiding over a dissolution of marriage action initiated by her husband. The motion alleged that the wife had a well grounded fear that she would not be treated fairly because her husband's lawyer also represented the trial judge in his pending dissolution of marriage proceeding. Upon consideration of the motion, the trial judge entered a written ruling entitled "Order Announcing Intent To Disqualify And Directing [Husband's] Counsel To Prepare Final Judgment." Essentially, the order provided that the trial judge would disqualify himself after executing a proposed judgment prepared by husband's counsel which reduced to writing the court's oral ruling on the merits of the case. The wife then petitioned this court for writ of prohibition, and this court immediately issued a stay of *857 further proceedings in the trial court.[1] We grant the petition.
Canon 3E of the Code of Judicial Conduct provides: "A judge shall disqualify himself or herself in a proceeding in which that judge's impartiality might be reasonably questioned." The question of whether disqualification is required focuses on "matters from which a litigant may reasonably question a judge's impartiality..." Livingston v. State, 441 So.2d 1083, 1086 (Fla.1983). Thus, the sole issue before the trial court was whether the wife's motion to disqualify was legally sufficient, in which case the trial judge was bound to grant the motion. See Bundy v. Rudd, 366 So.2d 440 (Fla.1978).
The wife's motion alleged that her dissolution of marriage action proceeded to a bench trial before the trial judge on December 10, 1999. At the conclusion of the trial, the judge announced his ruling, reserving jurisdiction to award attorney's fees at a later time. For unexplained reasons, the parties continued to negotiate the issues tried, and no written judgment was ever entered. Four months after the trial, the wife discovered that her husband's attorney also represented the judge in his own dissolution proceeding. Thereupon, the wife moved to disqualify the judge.
The trial judge in the instant case recognized that the wife's allegation that the husband's attorney was simultaneously representing both the husband and the judge reasonably called into question the judge's impartiality and thus rendered the motion legally sufficient requiring him to disqualify himself. See Marcotte v. Gloeckner, 679 So.2d 1225 (Fla. 5th DCA 1996); Atkinson Dredging Company v. Henning, 631 So.2d 1129 (Fla. 4th DCA 1994). However, notwithstanding the legal sufficiency of the motion, the trial judge maintained that his disqualification should be entered only after the judgment resolving the issues litigated in the case had been entered. This ruling was legally incorrect. Under the facts of this case, the trial judge should have immediately entered the order disqualifying himself.
The general rule is that a judge must immediately grant a legally sufficient motion to disqualify and take no further action in the matter. See Fla. R. Jud. Admin. 2.160(f). An exception to this rule exists in order to allow a judge the opportunity to perform the ministerial act of reducing to writing an oral ruling made prior to the motion to disqualify. See Mard v. Weinstock, 698 So.2d 645 (Fla. 5th DCA 1997). The act of reducing to writing a previously announced oral ruling is ministerial because it is merely the memorialization of the oral ruling and does not require the judge to further exercise his or her discretion.
This narrow exception does not apply here. The trial judge did not merely reduce his earlier ruling to writing. Instead, in his Order Announcing Intent to Disqualify and Directing Counsel to Prepare Final Judgment, the trial judge specifically directed the husband's attorney to prepare and submit a proposed written judgment for the judge's consideration. Upon receipt of the proposed judgment, the trial judge would be required to exercise discretion in determining whether the proposal comported with his directions. This situation was further aggravated by the four-month delay following the judge's oral pronouncement of his ruling which, according to the wife's motion to disqualify, also included the request that the husband's counsel prepare the proposed judgment. The reason for the long delay in the preparation of the judgment is unclear from the record, but the wife alleges that negotiation between the parties continued after the oral pronouncement. Whatever *858 the reason, after such a lengthy delay, it is unlikely the trial judge would be able to draft its own comprehensive and detailed judgment without further exercising his discretion. As a result, the reduction of the judge's oral ruling to writing was no longer ministerial and the exception could not apply. Moreover, such a scenario involves the unusual situation where the husband's attorney was submitting a proposed judgment on behalf of one dissolution client (the husband) to another dissolution client (the judge) for approval. This is unacceptable.
Finally, we note that the trial judge attempted to excuse his failure to disclose his professional relationship with the husband's attorney by stating in his Order Announcing Intent to Disqualify that he would have disclosed the fact that the husband's attorney also represented him "if any matter in this case had been scheduled for hearing, and would have sua sponte disqualified if (the wife) had requested it." We do not read the requirements of Canons 3E and 3F[2] of the Code of Judicial Conduct so narrowly. The instant case was pending and issues including attorney's fees remained unresolved. The trial judge had an affirmative duty to disqualify himself or, at the very least, to make a disclosure to the parties regarding his attorney/client relationship with the husband's attorney. The trial took place on December 10, 1999. At that time, there was no attorney/client relationship between the judge and the husband's attorney. When the trial judge established his own attorney/client relationship with the husband's attorney in February of 2000, the trial judge had an obligation to disclose the relationship immediately upon its creation. Taking the allegations in the wife's motion to disqualify as true, no disclosure was made.
Litigants are entitled to have their disputes resolved by impartial judges. Canon 3 and rule 2.160 emphasize the essential importance of assuring that presiding judges are free from bias and prejudice. In the instant case, we have no reason to believe that the trial judge's professional relationship with the husband's attorney resulted in unfair treatment of the wife. Nonetheless, such a relationship establishes reasonable fear in the wife that the trial judge would not treat her fairly.
Prohibition being an appropriate remedy in this case, we grant the petition. The trial judge is hereby disqualified and shall take no further action in this matter. The Chief Judge of the Eighteenth Judicial Circuit shall immediately assign a successor judge. Prior rulings of the disqualified judge are subject to rehearing within twenty (20) days pursuant to Rule 2.160(h), Florida Rules of Judicial Administration.
Petition GRANTED.
THOMPSON, C.J., SAWAYA and PLEUS, JJ., concur.
NOTES
[1] After receipt of the stay, the trial judge prepared, executed, and then faxed to this court an unfiled order disqualifying himself. This filing was a nullity. See Robbins v. Pfeiffer, 407 So.2d 1016 (Fla. 5th DCA 1981); see also Hirsch v. Hirsch, 309 So.2d 47 (Fla. 3d DCA 1975).
[2] Canon 3F, Code of Judicial Conduct provides in pertinent part:

A judge disqualified by the terms of Section 3E may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, out of the presence of the judge, whether to waive disqualification.