HAZOURI, J.
J & J Towing, Inc., and Michael Scott Green petition this court for a writ of prohibition following an order by the trial court denying their motion for disqualification of the trial judge as legally insufficient.
Respondent John Stokes is the plaintiff in a personal injury suit involving a ear collision between the vehicle Stokes was driving and a car owned by petitioner, J & J Towing, Inc., and driven by petitioner, Michael Scott Green. The vehicle driven by Stokes at the time of the collision was owned by the Town of Davie. Stokes is represented by Attorney David L. Magid-son of the law firm of Abramson & Magid-son, P.A.
J & J filed a motion to transfer and consolidate a companion case styled Florida League of Cities, Inc., f/u/b/o Town of Davie, Florida v. J. & J. Towing, Inc., case no. 00-25347 CO CE 52, filed in the county court in and for Broward County, concerning a property damage claim arising from the same automobile accident that gave rise to the personal injury claim brought by Stokes in the instant action. Attorney Scott D. Alexander of the law firm of Johnson, Anselmo, Murdoch, Burke & George, P.A., appeared on behalf of the Town of Davie before Judge Robert L. Andrews to oppose the motion. The trial court denied the motion.
Thereafter, J & J sought to bring a counterclaim against Stokes for alleged property damage to its tow truck resulting from this incident. Attorney Alexander and the law firm of Johnson, Anselmo, Murdoch, Burke and George, P.A., served a notice of limited appearance and stipulation on behalf of Stokes in opposition to J & J’s motion for leave to file a counterclaim. Attorney Alexander and his firm made this limited appearance on behalf of Stokes under the terms of an insurance policy covering the Town of Davie. The motion to file a counterclaim was denied.
J & J filed a motion to disqualify Judge Andrews, the presiding judge, on the grounds that the law firm of Johnson, Anselmo, Murdoch, Burke & George, P.A., attorneys for Stokes, were also attorneys *1198 for the judge’s wife, individually and as a member of the Broward County School Board. The motion alleged that this relationship had been disclosed for the first time in an “informal chat” between the judge and Attorney Alexander after the judge had ruled on the motion for leave to file a counterclaim, even though Attorney Alexander had previously appeared in this case a month earlier. The motion was supported by the affidavits of Judy Cam-marata, authorized representative of J & J, and John Magee, claims supervisor for the insurance company providing a defense to J & J. The affiants said that they feared prejudice by Judge Andrews due to the relationship between the law firm of Johnson, Anselmo, Murdoch, Burke & George, P.A., and the judge’s wife. On April 2, 2001, Judge Andrews denied this motion for disqualification as legally insufficient.
Prohibition lies from trial court orders denying motions to disqualify trial judges. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990); Bundy v. Rudd, 366 So.2d 440 (Fla.1978); Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981).
Disqualification is ordinarily required in any situation where the facts are reasonably sufficient to create a well-founded fear in the mind of the moving party that he or she will not receive a fair trial. Fischer v. Knuck, 497 So.2d 240, 242 (Fla.1986). In MacKenzie and Livingston v. State, 441 So.2d 1083, 1086 (Fla.1983), the supreme court made clear that the legal sufficiency of a motion to disqualify a trial judge turns on whether “the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial.” 565 So.2d at 1335, 441 So.2d at 1087. Furthermore, in Michaud-Berger v. Hurley, 607 So.2d 441, 446 (Fla. 4th DCA 1992), we held that the facts underlying the well-grounded fear must be judged from the perspective of the moving party.
Here, the motion to disqualify was legally sufficient in that it alleged that the judge’s wife was represented by Stoke’s counsel in a separate and apparently pending matter involving her individually and as a member of the Broward County School Board. See McQueen v. Roye, 785 So.2d 512 (Fla. 3d DCA 2000) (motion for recusal should have been granted where plaintiffs counsel provided legal services and gave advice to judge’s brother, recognizing that “recusal is appropriate where one of the parties or their counsel had dealings with a relative of the court”); Lytle v. Rosado, 711 So.2d 213 (Fla. 3d DCA 1998) (motion to disqualify should have been granted where the trial judge’s stepson had a claim pending against the insurance company which had retained counsel to represent the defendant in the action); Marcotte v. Gloeckner, 679 So.2d 1225 (Fla. 5th DCA 1996) (prior representation of judge by insurer’s law firm required disqualification of judge even though judge may not have been biased as a matter of fact); Atkinson Dredging Co. v. Henning, 631 So.2d 1129 (Fla. 4th DCA 1994) (prohibition granted based on motion to disqualify when one of the parties’ law firms was the same firm representing the trial judge and her husband in a separate, unrelated action).
The petition for writ of prohibition is granted and we direct Judge Andrews to disqualify himself in this proceeding.
STONE and TAYLOR, JJ., concur.