849 So.2d 1137 (2003)
William David DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3740.
District Court of Appeal of Florida, First District.
July 17, 2003.
Appellant, pro se.
*1138 Charlie Crist, Attorney General and Elizabeth Fletcher Duffy, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant, William Davis, appeals the denial of his rule 3.850 motion, which was based on alleged newly discovered evidence that defense counsel had failed to relay a plea offer to him. We reverse and remand the case due to a fatal procedural error on the rehearing motion; for this reason, we do not reach the merits of the appeal.
The motion was originally assigned to Judge Frederic Buttner, but Judge Buttner recused himself from the case by order of February 5, 2002. The motion was then assigned to Judge William Wilkes. Following an evidentiary hearing, Judge Wilkes denied the motion on July 26, 2002. On August 12, 2002, Davis filed a motion for rehearing. The motion was apparently assigned to Judge Buttner, although he had previously recused himself from Davis' case. Judge Buttner entered an order denying rehearing on August 13, 2002. Davis argues on appeal that it was reversible error for a recused judge to rule on his motion for rehearing. We agree and reverse.
Once a trial judge recuses himself from a given case, any subsequent orders he enters in that case are void and have no effect. See Haverty v. State, 830 So.2d 264 (Fla. 5th DCA 2002); Thomas v. State, 756 So.2d 217 (Fla. 4th DCA 2000); Meaweather v. State, 732 So.2d 499, 500 (Fla. 1st DCA 1999); Weiss v. Miami Nat'l Bank, 320 So.2d 466 (Fla. 4th DCA 1975). In the instant case, Judge Buttner recused himself on February 5, 2002. He lacked authority to make any further rulings on the case after that date. The order denying Davis' motion for rehearing some six months later is therefore a nullity. Thus, we are constrained to reverse, to assure that due process is afforded to Davis. The case is remanded with directions that the chief judge of the circuit appoint a different judge to consider and rule on Davis' motion for rehearing. See Thomas, supra, at 217; Meaweather, supra, at 500; Haverty, supra, at 264; Stokes v. State, 756 So.2d 1100 (Fla. 4th DCA 2000).
Reversed and Remanded.
WEBSTER, PADOVANO and POLSTON, JJ., concur.