858 So.2d 1255 (2003)
Sonia S. COLLADO, Petitioner,
v.
Heriberto COLLADO, Respondent.
No. 5D03-2042.
District Court of Appeal of Florida, Fifth District.
November 14, 2003.
Richard J. D'Amico, Daytona Beach, for Petitioner.
No Appearance for Respondent.
PER CURIAM.
The Petition for Writ of Prohibition seeking review of the "Order Setting Aside Recusal Order ..." is granted. As this court explained in Lea v. Wigton, 705 So.2d 723 (Fla. 5th DCA 1998):
[O]nce an order disqualifying a judge is entered, the judge is prohibited from any further participation in the case. Dream Inn, Inc. v. Hester, 691 So.2d 555, 556 (Fla. 5th DCA 1997). As a result, any order entered by a judge after that judge has been disqualified is void. Bolt v. Smith, 594 So.2d 864 (Fla. 5th DCA 1992).
Id. at 723; see also Meaweather v. State, 732 So.2d 499 (Fla. 1st DCA 1999); Deberry v. Ward, 625 So.2d 992 (Fla. 4th DCA 1993); State v. Schack, 617 So.2d 832 (Fla. 4th DCA 1993).[1] Therefore, we find the petitioner has met the burden to establish a legally sufficient basis for disqualification.
Accordingly, we grant the petition for writ of prohibition, quash the order setting aside the recusal order, and remand this case for assignment to a different trial judge.
PETITION GRANTED; ORDER QUASHED.
SAWAYA, C.J., GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] An exception exists in instances where the trial court orally announces its ruling, subsequently enters an order of recusal, and thereafter performs the ministerial act of simply entering a written order or judgment reflecting its prior oral ruling. See Fischer v. Knuck, 497 So.2d 240 (Fla.1986); Velasquez v. Rueda, 777 So.2d 1185 (Fla. 5th DCA 2001). This case does not fit within this exception.