VAN NORTWICK, J.
In this workers’ compensation appeal, Edward Miller, claimant below, appeals a final order denying compensability of his claim. Claimant argues that, because the final order was entered after the judge of compensation claims (JCC) reversed an earlier order recusing herself and reasserted control over the case, the order denying compensation is void and without effect. We agree and reverse.
Florida law is clear that once a judge recuses himself or herself for whatever reason, the judge may not thereafter reconsider the recusal decision and reassert judicial authority over the case. Deberry v. Ward, 625 So.2d 992, 993 (Fla. 4th DCA 1993). In Deberry, as here, the judge reinstated himself on rehearing, noting that he had made a mistake by granting the motion to disqualify. “A judge may not reconsider his decision to disqualify.” Id. at 993 (citing State v. Schack, 617 So.2d 832, 833-34 (Fla. 4th DCA 1993)); accord Margulies v. Margulies, 528 So.2d 957, 960 (Fla. 3d DCA 1988)(“once a trial *524 judge disqualifies himself, he may not ‘re-qualify’ himself on removal of the reason for disqualification.”).
The JCC’s order denying compensability must be reversed as void and without effect because the JCC, having previously recused herself, was without jurisdiction to enter an order on the merits of the case. Davis v. State, 849 So.2d 1137, 1138 (Fla. 1st DCA 2003); Meaweather v. State, 732 So.2d 499, 500 (Fla. 1st DCA 1999). Accordingly, this cause is REVERSED and REMANDED with directions that this case be reassigned to another judge of compensation claims.
PADOVANO and HAWKES, JJ., concur.