960 So.2d 918 (2007)
Raymond BAEZ, Petitioner,
v.
Henriette KOELEMIJ, Respondent.
No. 4D07-1992.
District Court of Appeal of Florida, Fourth District.
August 8, 2007.
Genie Holcombe Rothman of Genie H. Rothman, P.A., Delray Beach, for petitioner.
Jonathan S. Root, Boca Raton, for respondent.
PER CURIAM.
Raymond Baez, the purported father in a paternity, time-sharing, and child support action, seeks relief barring Judge Martin H. Colin from continuing to preside over the case. Baez raises several grounds for prohibition relief. We find no merit in the arguments concerning the actions of Judge Colin during the hearings held on February 21 and 22, 2007, but grant the petition based on an apparent conflict of interest that would cause a reasonable *919 litigant to have a well-grounded fear of not receiving a fair trial.
The test for determining the legal sufficiency of a motion for disqualification is whether the factual allegations "would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial." Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981); see also Hayes v. State, 686 So.2d 694, 695 (Fla. 4th DCA 1996), rev. dismissed, 691 So.2d 1081 (Fla.1997); Fischer v. Knuck, 497 So.2d 240 (Fla.1986). The facts alleged in a motion to disqualify need only show a movant's well-grounded fear that the movant will not receive a fair trial. MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1334 (Fla.1990). In determining whether the allegations are sufficient, the facts must be taken as true and must be viewed from the movant's perspective. Id.
In the instant case, Baez believed something was amiss concerning a possible conflict of interest involving Judge Colin and opposing counsel, Jonathan Root, which he decided to investigate. Baez learned that Root represented Betsy Savitt in another matter, and alleged there is an ongoing relationship between Ms. Savitt and Judge Colin, referring to Ms. Savitt as Judge Colin's "girlfriend." In fact, Baez learned that Judge Colin acted as a witness in an indirect criminal contempt case involving Ms. Savitt on her behalf while she was represented by Root. Finally, Baez alleged that Judge Colin was acting as a "ghost lawyer" by preparing pleadings and affidavits for Root during Root's representation of Ms. Savitt.
While Judge Colin may not have been required to disclose this relationship because Ms. Savitt is not a spouse or relative of the third degree, see Code of Judicial Conduct Canon 3(E)(1)(d) and Florida Rule of Judicial Administration 2.330(d), it would seem disclosure of the relationship would have been prudent under the catch-all phrase of the commentary of the judicial canons, which states that a judge should disclose information that the judge "might consider relevant to the question of disqualification." Further, the mere fact that neither the canon nor the rule require disqualification or disclosure where the opposing counsel represented a "girlfriend" of a judge, disqualification is still appropriate where a reasonable litigant would have a well-grounded fear of not receiving a fair trial.
This court has granted relief in a case where the firm appearing before Judge Andrews had represented Judge Andrews's wife in an unrelated case. See J & J Towing, Inc. v. Stokes, 789 So.2d 1196 (Fla. 4th DCA 2001). We determined the motion to disqualify in that case was "legally sufficient in that it alleged that the judge's wife was represented by [opposing party's] counsel in a separate and apparently pending matter involving her individually and as a member of the Broward County School Board." Id. at 1198. We find the distinction between a wife and girlfriend (or husband and boyfriend), as it relates to the appearance of bias or prejudice by the judge, to be a distinction without a difference. Because "the facts underlying the well-grounded fear must be judged from the perspective of the moving party[,]" we must consider Baez's perspective. Id. As such, we find no reason to distinguish this case from J & J Towing as the same likelihood of bias would be apparent regardless of the legal definition of the relationship between Ms. Savitt and the judge.
Based on the foregoing, we grant the petition for writ of prohibition and direct the Chief Judge of the Fifteenth Judicial *920 Circuit to have this case reassigned to a successor judge.
GUNTHER, TAYLOR and HAZOURI, JJ., concur.