WELLS, Judge.
 

 Confession of Error
 

 Arthur D. Lake appeals from a final judgment of dissolution of marriage as well as an order awarding his former wife attorneys fees and costs. Based on the former husband’s failure to file a conformed copy of the final judgment and our subsequent dismissal of the appeal as to that judgment, we are left to consider only the order awarding fees and costs. On our independent review of the record, as well as the former wife’s confession of error, we reverse the fee order and remand for further proceedings.
 

 The parties entered into a marital settlement agreement which was incorporated into a final judgment of dissolution of marriage. When a post-judgment dispute arose over each party’s responsibilities under the final judgment, the former wife moved to enforce the final judgment. Citing the trial judge’s conduct during the hearing held on the matter, the former husband filed a motion to disqualify. This motion was granted, and the trial judge recused himself. Thereafter the same judge entered an order awarding attorneys fees and costs to the former wife’s counsel.
 

 Once the trial judge recused himself, he had no further authority to enter orders.
 
 See Bolt v. Smith,
 
 594 So.2d 864, 864 (Fla.
 
 *285
 
 5th DCA 1992) (“Florida case law is well settled that once a trial judge has recused himself, further orders of the recused judge are void and have no effect.”).
 

 On this authority and the former wife’s confession of error, we reverse the fee order and remand for further proceedings before a successor judge.