On Motion for Rehearing

ROTHENBERG, J.
We grant Marie Plaza’s (“the mother”) motion for rehearing, withdraw this Court’s opinion dated October 8, 2009, and issue the instant opinion in its stead.
Upon review of Richard Plaza’s (“the father”) petition for writ of prohibition, the mother’s subsequently filed motion to relinquish jurisdiction and to lift the stay entered by this Court, and the mother’s “Initial Reply Brief and Challenge to Stay,” it is evident that the parties misunderstood the stay issued by this Court on September 9, 2009. The stay was directed towards the order on appeal, not the proceedings below. The effect of the stay *182 should have resulted in the immediate restoration of the father’s custody and visitation with his children pending appellate review of the trial court’s order. We therefore vacate this Court’s order dated September 9, 2009.
On July 29, 2009, the trial court conducted an evidentiary hearing on the mother’s motion for contempt, finding the father in contempt of court, and directing the mother’s counsel to prepare an order. The following day, the father moved to recuse the trial judge, and on August 4, 2009, before issuing his written order holding the father in contempt of court, the trial judge issued an order recusing himself. On August 10, 2009, after issuing the order of recusal, the trial judge issued the order holding the father in contempt, which is the subject of this Court’s review.
As a general rule, once an order disqualifying a judge is entered, the judge is prohibited from any further participation in the case. See Lake v. Lake, 14 So.3d 284, 284 (Fla. 3d DCA 2009) (reversing an order issued by the same judge who issued the instant order after the judge had recused himself, finding that “[o]nce the trial judge recused himself, he had no further authority to enter orders”); Colla-do v. Collado, 858 So.2d 1255, 1255 (Fla. 5th DCA 2003) (granting petition for writ of prohibition and quashing the order under review; finding that because the order was entered after the trial judge had been disqualified, it was void); State ex rel. Cobb v. Bailey, 349 So.2d 849, 850 (Fla. 1st DCA 1977) (holding that the judge’s recu-sal order effectively deprived that judge of authority to preside over the contempt proceedings).
While disqualification of the judge generally requires that the judge take no further action in the case, there is an exception to this rule. The exception is where the trial judge orally announces his ruling, subsequently enters an order of recusal, and thereafter performs the ministerial act of simply entering a written order or judgment reflecting his prior oral ruling. See Florida Bar v. Wilson, 714 So.2d 381, 383 (Fla.1998) (citing Fischer v. Knuck, 497 So.2d 240, 243 (Fla.1986) (finding that the trial judge retained authority to reduce his ruling to writing in a dissolution proceeding subsequent to the filing of a motion for disqualification when the case had been tried and orally ruled upon prior to the filing of the motion to disqualify)); Berry v. Berry, 765 So.2d 855, 857 (Fla. 5th DCA 2000) (“An exception to this rule exists in order to allow a judge the opportunity to perform the ministerial act of reducing to writing an oral ruling made prior to the motion to disqualify.”).
The exception to the disqualification rule is, however, unavailing regarding the order issued after disqualification in the instant case. Apparently, there was no court reporter present at the hearing on the mother’s motion for contempt, as neither side has submitted a transcript of the hearing. There is also a disagreement between the parties as to what occurred at the hearing and the oral findings made by the trial judge. Moreover, the trial judge did not reduce his earlier ruling to writing. Instead, the trial judge directed the mother’s attorney to prepare and submit a proposed order for his consideration. Thus, upon receipt of the proposed order, the trial judge was required to exercise discretion in determining whether the proposed order comported with his rulings, and in fact, the order ultimately issued by the trial judge contains his handwritten modifications to the proposed order. Under these circumstances, we cannot say that the order issued after disqualification was a mere ministerial act not requiring the exercise of judicial discretion. See Berry, 765 So.2d at 857 (finding that the narrow *183 exception to the disqualification rule did not apply where the trial judge directed the husband’s attorney to prepare and submit a proposed order, requiring the judge to exercise his discretion in determining whether the proposed order comported with the trial judge’s directions).
The exception to the disqualification rule cannot be applied in this case because the trial judge directed the mother’s attorney to prepare and submit a proposed order reflecting the trial judge’s pronouncements after the hearing, the parties dispute what occurred at the hearing, the trial judge made changes to the proposed order, and there is no transcript to determine whether the order signed by the judge comports with the factual findings and oral pronouncements made by the judge at the hearing.
Accordingly, we grant the petition, quash the trial court’s order of August 10, 2009, and order that the father’s visitation and custody rights be restored forthwith. See Bolt v. Smith, 594 So.2d 864, 864 (Fla. 5th DCA 1992) (“Florida case law is well settled that once a trial judge has recused himself, further orders of the recused judge are void and have no effect.”).
This opinion shall take effect immediately, notwithstanding the filing of any motions for rehearing or rehearing en banc.
Petition granted, order quashed, and case remanded with instructions.