PER CURIAM.
Mark Elliott timely appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief and a second order denying his motion for rehearing. We reverse because the original denial order was entered by a judge who had previously entered an order recusing himself from Elliott’s case. See, e.g., Collado v. Collado, 858 So.2d 1255 (Fla. 5th DCA 2003). Although a successor judge denied the mo *1256 tion for rehearing, he did so on grounds that the motion improperly reargued matters considered and rejected in the original denial order. Instead, the successor judge should have set aside the original denial order and considered Elliott’s post-convietion motion anew. Id. Accordingly, we reverse both orders and remand with instructions that the successor judge give Elliott a new hearing on his 3.850 motion. We have not considered the merits of Elliott’s motion, and our remand does not preclude another summary denial of Elliott’s motion, if the successor judge independently determines that summary denial is legally warranted.
REVERSED and REMANDED.
GRIFFIN, PALMER, and LAWSON, JJ., concur.