PER CURIAM.
 

 The Former Husband, Richard Ross, raises five issues on appeal to challenge the trial court’s order forcing the sale of his residence to satisfy his alimony arrear-ages entered on December 8, 2010. We affirm as to the first four issues raised by the Former Husband, but find merit in his argument that the trial court’s order failed to comply with
 
 Perlow v. Berg-Perlow,
 
 875 So.2d 383 (Fla.2004), because the trial court entered the Former Wife’s proposed order verbatim without allowing the Former Husband an opportunity to review it and make objections. The Former Wife concedes that she submitted the proposed order to the trial court without providing the Former Husband an opportunity to review it first. The order is ten pages long and contains findings
 
 very
 
 unfavorable to the Former Husband, including that he acted in “bad faith” and committed “fraud” upon the court. While these findings may be true, because the Former Husband was not provided an opportunity to review the proposed order, and the trial court immediately adopted it verbatim as its own order, we reverse the trial court’s December 8, 2010 order entitled “Order Re: Former Wife’s Motion to Compel Sale of Former Husband’s Residence to Satisfy Arrearages and/or For the Imposition of an Equitable Lien.” We instruct the trial court to enter a new order in this matter, one in which the Former Husband is given either the opportunity to submit his own proposed order or to object to the Former Wife’s proposed order. The trial court, as always, is free to draft its own order as well.
 

 Reversed and remanded vnth instructions.
 

 GROSS, C.J., HAZOURI and CIKLIN, JJ., concur.