PER CURIAM.
This case arises in a most peculiar posture. Richard S. Ross has filed a petition for writ of prohibition, seeking to bar Bro-ward County Circuit Court Judge Alfred Horowitz (“the trial judge”) from continuing to preside over post-dissolution proceedings after the judge was disqualified. *239 We grant the petition.[1]
By way of background, in a recent appeal between the same parties, Ross v. Ross, 61 So.3d 479 (Fla. 4th DCA 2011), this court reversed an order granting the former wife’s motion to compel the sale of the former husband’s residence to satisfy arrearages. We remanded the ease with instructions for the trial judge to enter a new order after giving the former husband an opportunity either to submit his own proposed order or to object to the former wife’s proposed order.
While the appeal was pending, the former husband filed a motion to disqualify the trial judge. By the time this court’s mandate issued, the trial judge had granted the motion to disqualify. Notwithstanding the entry of that order, the trial judge conducted a teleconference with the parties, and directed the former husband to submit to the court the former husband’s objections or a proposed order. During the telephone conference, the former husband objected to the trial judge taking any further action in the case, arguing that under Florida Rule of Judicial Administration 2.380 (“disqualification rule”), a trial judge is prohibited from taking any action in a case once disqualified.[2] This petition follows.
In response to the petition, the former wife argues that the exception to the disqualification rule announced in Fischer v. Knuck, 497 So.2d 240 (Fla.1986), applies to the facts of this case. We disagree based on the holding in Plaza v. Plaza, 21 So.3d 181 (Fla. 3d DCA 2009).
Generally, a disqualified judge is barred from further participation in the case. See, e.g., Goolsby v. State, 914 So.2d 494 (Fla. 5th DCA 2005); Sherrod v. Berg, 865 So.2d 689 (Fla. 5th DCA 2004); Collado v. Collado, 858 So.2d 1255 (Fla. 5th DCA 2003). Moreover, an order entered by a disqualified trial judge is void. Jenkins v. Motorola, Inc., 911 So.2d 196, 197 (Fla. 3d DCA 2005) (citing Stimpson Computing Scale Co. v. Knuck, 508 So.2d 482 (Fla. 3d DCA 1987)).
The exception to the disqualification rule announced in Fischer provides “[w]hen a judge has heard the testimony and arguments and rendered an oral ruling in a proceeding, the judge retains the authority to perform the ministerial act of reducing that ruling to writing.” Fischer, 497 So.2d at 243 (citations omitted). “However, any substantive change in the trial judge’s ruling would not be a ministerial act.” Id.
In Plaza, under circumstances similar to this case, the Third District Court held:
The exception to the disqualification rule cannot be applied in this case because the trial judge directed the mother’s attorney to prepare and submit a proposed order reflecting the trial judge’s pronouncements after the hearing, the parties dispute what occurred at the hearing, the trial judge made changes to the proposed order, and there is no transcript to determine whether the order signed by the judge comports with the factual findings and oral pronouncements made by the judge at the hearing.
21 So.3d at 183.
Similarly, in order to carry out this court’s mandate in the appeal, the trial *240 judge would have to exercise his discretion to consider the former husband’s objections to the former wife’s proposed order, the former husband’s proposed order, or to draft his own order — any of which would constitute more than performing a ministerial task. Even if the trial judge had announced findings and conclusions at the hearing on the former wife’s motion, enough time has passed, without a court reporter or transcript, to require the trial judge to exercise judicial discretion in issuing a written order. See Berry v. Berry, 765 So.2d 855, 857-58 (Fla. 5th DCA 2000) (holding the narrow exception to the disqualification rule was inapplicable where trial judge had to exercise his discretion).
Finally, the successor judge will be required to conduct a new hearing. Beattie v. Beattie, 536 So.2d 1078, 1079 (Fla. 4th DCA 1988).

Petition Granted; Recused Judge Is Directed To Proceed No Further in the Matter.

POLEN, TAYLOR and DAMOORGIAN, JJ., concur.

. We refer to Richard Ross as the "former husband” and Sheri Lynn Ross as the "former wife.”

. Rule 2.330(f) provides in pertinent part: “If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action.”