PER CURIAM.
The parties to this action were divorced in 2008. As part of the final judgment, the trial court included a contact and access schedule and specifically reserved jurisdiction to revise the former husband’s contact schedule upon the parties’ child starting school.[1] Two years later, the former husband filed a supplemental petition to modify that schedule. The matter proceeded to trial, and at its conclusion, the judge made various findings of fact, issued an oral ruling on the petition, and noted that the parties had stipulated to most of the holiday schedule during the course of the trial. The judge further directed the parties to “figure out” .the remaining holiday-and summer-break schedule issues and work together to prepare a proposed order.
Six days later, the former wife filed a motion to disqualify the trial judge. Among other accusations, the motion alleged that the judge had made “inappropriate, disparaging statements about her attorneys and improperly used profane language during the case.” Based upon those allegations, the trial judge granted the motion, additionally recusing himself from all future cases involving the former wife’s counsel, Norman Levin, and the associates within the firm.[2]
Two months later, the same trial judge entered a final judgment on the former husband’s petition for modification. On appeal, the former wife disputes the trial judge’s authority to enter the final judgment following his disqualification from the case. Prior to the supreme court’s decision in Fischer v. Knuck, 497 So.2d 240 (Fla.1986), upon the disqualification or re-cusal of a judge, any subsequent action on the case by that judge was void. See Airborne Cable Television, Inc. v. Storer Cable TV of Fla., Inc., 596 So.2d 117, 118 (Fla. 2d DCA 1992). In Fischer, the supreme court set forth an exception that allows a trial judge to retain the authority to perform the ministerial act of reducing a ruling to writing, provided that the judge “has heard the testimony and arguments and rendered an oral ruling in a proceeding _” 497 So.2d at 243. The court went on to state that any substantive change in the judge’s ruling would not be considered a ministerial act. Id.
In the instant case, while the trial court ruled on many of the issues raised and the parties stipulated as to others, there remained issues left for the parties to “figure out.” Nothing within the record on appeal reflects a meeting of the minds on those issues, and the parties contested whether the judgment entered complied with the oral pronouncements and whether it contained provisions not pronounced at the conclusion of the trial. The judgment pro *991 vided details not articulated in the trial court’s oral pronouncement, and, in family law cases where the parents are unable to resolve issues without court intervention, the devil is often in the details. As such, the ministerial act exception to the disqualification rule does not apply. Accordingly, the trial judge’s modification order is reversed as void.
REVERSED and REMANDED.
PALMER, LAWSON and COHEN, JJ„ concur.

. A different judge handled the earlier proceedings.

. The judge inappropriately used profanity during the course of the trial. However, a review of the transcript calls into question other allegations within the motion to disqualify. The accusation of disparaging remarks about Mr. Levin, who was not the attorney in the firm handling this trial, took one comment of the trial judge and assigned motives not evident from the record. The comment concerned a finding of imputed income contained with a child support guideline worksheet but omitted from the original final judgment prepared by Mr. Levin.