LOGUE, J.
Richard and Lillie McFadden petition this Court for a writ of prohibition directing the trial judge to disqualify himself from these guardianship proceedings. The McFaddens assert that the trial judge improperly conducted an independent, ex-parte investigation of the April 29, 2010 disbursement of funds for the ward’s educational needs. We agree.
“The test for determining the legal sufficiency of a motion for disqualification is whether the factual allegations would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial.” Baez v. Koelemij, 960 So.2d 918, 919 (Fla. 4th DCA 2007) (citations and internal quotation omitted). In reviewing the allegations in a motion for disqualification, “facts must be taken as true and must be viewed from the mov-ant’s perspective.” Id.
The McFaddens’ motion contains specific statements indicating that the trial judge interviewed, outside the presence of the parties, the principal of the school where the ward was registered to attend. The motion also alleges the trial judge directly obtained financial records from Chase Bank to investigate the guardianship account, without involving the parties. The McFaddens’ motion thus contains specific statements which, if true, indicate the trial judge engaged in an independent investigation of the facts in the case.
“A judge must not independently investigate facts in a case and must consider only the evidence presented.” Fla. Code Jud. Conduct, Canon 3B(7) cmt. A judge’s “neutrality is destroyed when the judge himself becomes part of the fact-gathering process.” Albert v. Rogers, 57 So.3d 233, 236 (Fla. 4th DCA 2011); see also Vining v. State, 827 So.2d 201, 210 (Fla.2002) (“The judge overstepped his boundaries by conducting an independent investigation....”); Wilson v. Armstrong, 686 So.2d 647, 648-49 (Fla. 1st DCA 1996) (holding that trial judge’s ex parte meeting with estate’s accountant constituted a departure from the essential requirements of law).
The trial judge responded to the petition noting that “[i]n guardianship matters, there is no one protecting the ward against possible abuses [by the guardian], except the court.” A trial judge, however, has methods to address such concerns without engaging in a prohibited personal investigation of facts outside the record. The Florida Probate Rules, for example, authorize appointment of a guardian ad litem when the interests of the guardian are or may be adverse to those of the ward.[1] *1033 While the trial court’s actions were undoubtedly motivated by a desire to protect the ward and might well be commendable in another context, those actions are inconsistent with the cold neutrality required of an impartial judge.
Thus, the McFaddens’ allegations, taken as true for purposes of this motion, support a reasonable fear that the judge could no longer serve impartially. The judge should have entered an order of disqualification.
Believing as we do that the trial court will comply with this opinion without the necessity of the issuance of a formal writ, the issuance of the writ of prohibition is withheld.

. Rule 5.120 of the Florida Probate Rules states
When it is necessary that the estate of a decedent or a ward be represented in any probate or guardianship proceeding and there is no personal representative of the estate or guardian of the ward, or the personal representative or guardian is or may be interested adversely to the estate or ward, or is enforcing the personal representative’s or guardian’s own debt or claim against the estate or ward, or the necessity arises otherwise, the court may appoint an administrator ad litem or a guardian ad litem, as the case may be, without bond or notice for that particular proceeding. At any point in a proceeding, a court may appoint a guardian ad litem to represent the interests of an incapacitated person, an unborn or unas-certained person, a minor or any other person otherwise under a legal disability, a person with a developmental disability, or a person whose identity or address is unknown, if the court determines that representation of the interest otherwise would be inadequate.
Fla. Prob. R. 5.120 (2013) (emphasis added); see also Burden v. Dickman, 547 So.2d 170, 172 (Fla. 3d DCA 1989) ("Appointment of a guardian ad litem is mandated where the interest of the guardian is adverse to that of *1033 the ward, ... no less so when a natural guardian is involved.”).