PER CURIAM.
Jonelle Godin appeals the final judgment of paternity that establishes time-sharing and child support concerning her two minor children with Chris Owens. We affirm the final judgment of paternity, without discussion, in all respects except for the child support obligation because the trial court made its ruling after Mother filed her motion to disqualify or recuse.
Generally, a trial court must grant a legally sufficient motion to disqualify immediately and may not take any further action in the matter. Berry v. Berry, 765 So. 2d 855, 857 (Fla. 5th DCA 2000) ; see also Loevinger v. Northrup, 624 So. 2d 374, 375 (Fla. 1st DCA 1993) ("A judge faced with a motion for recusal should first resolve that motion before *701 making any other rulings in a case." (citing Mackenzie v. Super Kids Bargain Store, Inc., 565 So. 2d 1332 (Fla. 1990) )). The trial court, however, maintains the authority to perform the ministerial duty of preparing a written order to reflect oral pronouncements made before the motion to disqualify. Curran v. Curran, 760 So. 2d 1136, 1137 (Fla. 5th DCA 2000) (citing The Florida Bar v. Wilson, 714 So. 2d 381, 383 (Fla. 1998) ); see also Fischer v. Knuck, 497 So. 2d 240, 243 (Fla. 1986) (finding trial court had jurisdiction to reduce its ruling in dissolution proceeding to writing after filing of motion for disqualification because case had been tried and orally ruled upon prior to motion to disqualify). This exception does not apply if the final judgment or order provides details not articulated in the trial court's prior oral pronouncement. Parnell v. Parnell, 113 So. 3d 989, 990-91 (Fla. 5th DCA 2013). In that instance, substantive changes in the trial court's ruling are not ministerial and are considered void. Id. at 990-91.
Here, the trial took place before Mother filed her motion to disqualify, and the written judgment comports with the extensive oral findings and rulings the trial court made at the end of trial. This includes oral findings as to income that are supported by competent, substantial evidence. The trial court, however, did not make any oral findings as to the proposed child support guidelines worksheets, and the parties' respective child support guidelines worksheets are at odds. Although the trial court had a separate hearing before Mother filed her motion to disqualify where it appears it considered the child support guidelines, the court minutes indicate that the trial court reserved its ruling. The trial court set the child support amount a few days after Mother filed her motion to recuse and the day before it issued the order recusing itself. Consequently, the trial court exceeded its authority when it ruled on the child support obligation. See Plaza v. Plaza, 21 So. 3d 181, 182-83 (Fla. 3d DCA 2009) (reversing judgment where trial judge directed mother's attorney to prepare and submit proposed order reflecting trial judge's pronouncements after hearing, the parties disputed what occurred at hearing, trial judge made changes to proposed order, and there was no transcript to determine whether order matched factual findings and oral pronouncements made by judge at hearing).
Accordingly, we reverse the amount of the child support obligation and remand for further proceedings. The final judgment is otherwise affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.
BERGER, WALLIS and EISNAUGLE, JJ., concur.