DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YANPING MING** a/k/a **HELEN MING,**
Petitioner,

v.

**NS FOA, LLC** and **CONGWEI XU,**
Respondents.

No. 4D19-3477

[March 4, 2020]

Petition for writ of prohibition to the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet C. Croom, Judge; L.T. Case No. 312019CA000008.

Michael A. Tessitore and Jason P. Del Rosso of Moran Kidd Lyons Johnson Garcia, P.A., Orlando, for petitioner.

Michael J. Pugh and Jason M. Pugh of Pugh Law Office P.A., Orlando, for respondents.

KUNTZ, J.

Yanping Ming petitioned for a writ of prohibition after the presiding circuit judge denied her motion to disqualify the judge. Assuming the facts pled in the verified motion to disqualify are true, as we must, we grant the petition.

In her verified motion to disqualify the judge, Ming alleged the judge has a "very substantial and extended professional and business relationship with" the respondent NS FOA, LLC's co-counsel. Ming also alleged co-counsel "recently served as an attorney representing the interests of [the judge], her husband and her son (or step-son) . . . in a high profile litigation with very high stakes." The court denied the motion without comment.

We review the legal sufficiency of the motion to disqualify de novo. *City of Hollywood v. Witt*, 868 So. 2d 1214, 1216-17 (Fla. 4th DCA 2004). A motion to disqualify is legally sufficient "if it alleges facts that would create in a reasonably prudent person a well-founded fear of not receiving a fair

and impartial trial." *Id.* at 1217 (citing *MacKenzie v. Super Kids Bargain Store, Inc.*, 565 So. 2d 1332 (Fla. 1990); *Rogers v. State*, 630 So. 2d 513, 515 (Fla. 1993)). When the motion alleges facts sufficient to create such a fear, prohibition is the appropriate remedy. *J & J Towing, Inc. v. Stokes*, 789 So. 2d 1196, 1198 (Fla. 4th DCA 2001).

Here, the respondents strongly object to the facts alleged in the motion to disqualify. But, in this case, we are not tasked with adjudicating the truthfulness of the facts in the motion; we are tasked only with determining whether those facts, if true, would create a fear in the mind of a reasonably prudent person of not receiving a fair and impartial trial. The facts alleged in Ming's motion were sufficient, and disqualification was appropriate. *See, e.g.*, *J & J Towing*, 789 So. 2d at 1198. We grant the petition and quash the court's order.

Finally, the judge entered two orders after we entered an order staying proceedings in the circuit court. Generally, a disqualified judge can perform the ministerial task of entering an order already orally announced. *Ross v. Ross*, 77 So. 3d 238, 239 (Fla. 4th DCA 2012) (citations omitted). But it is unclear if that is what occurred here. After we stayed further proceedings, the court was not permitted to take any action. *See Plavnicky v. Deluicia*, 954 So. 2d 1178, 1178 (Fla. 4th DCA 2007) (citing *Leslie v. Leslie*, 840 So. 2d 1097 (Fla. 4th DCA 2003)) (holding that orders entered during a stay are a nullity). Therefore, the two orders entered during the stay are quashed, and the successor judge shall consider the issues de novo.

*Petition granted; orders quashed.*

WARNER and CIKLIN, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**