# Third District Court of Appeal
## State of Florida

Opinion filed May 15, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0351
Lower Tribunal No. 16-1219
_____


**Dario Carnevale, et al.,**
Petitioners,

vs.

**Guy M. Shir, et al.,**
Respondents.


A Case of Original Jurisdiction—Mandamus.

Crabtree & Auslander, and John G. Crabtree, Charles M. Auslander and Brian C. Tackenberg, for petitioners.

Robert E. Menje, PLLC, and Robert E. Menje (Okeechobee), for respondents.


Before LOGUE, C.J., and EMAS and SCALES, JJ.

SCALES, J.

Petitioners Dario and Flavia Carnevale, siblings, are plaintiffs below in a multi-count action involving, *inter alia*, allegations of fraud, breach of fiduciary duty, and professional negligence against their former attorneys.[1] They seek mandamus relief from this Court in the form of an order requiring the trial court to sign a proposed order granting that portion of Petitioners' November 13, 2020 summary judgment motion directed toward Count V of Petitioners' operative complaint. Count V alleges that Respondents were professionally negligent in representing Petitioners in business dealings with regard to condominium redevelopment and unit purchase transactions.

## I.    Relevant Background

On February 10, 2020, Petitioners obtained a partial summary judgment on Counts I and II of their operative complaint (constructive fraud damages and constructive trust). Then, on November 13, 2020, Petitioners filed a motion for final summary judgment on the remaining counts of their operative complaint ("summary judgment motion").

The record provided to us by Petitioners reflects that the summary judgment motion directed toward Count V was initially heard by the trial court

---

[1] Respondents are defendants below, The Shir Law Group, P.A., Guy M. Shir, Stuart J. Zoberg, ZTJ Recovery, Inc., and Jodi Shir. The latter two defendants are not subject to the proposed summary judgment on Count V of Petitioners' operative complaint that underlies this petition for writ of mandamus.

2

on August 23, 2021, and was continued to October 5, 2021. At both the August 23rd and October 5th hearings, the trial court orally indicated its intent to grant Petitioners' summary judgment motion as to Count V.

At a March 18, 2022 hearing, the trial court stated that the reason she had not yet entered an order with regard to Count V only, is that she did not want to enter piecemeal orders, preferring rather to enter a single order on all counts of Petitioners' operative complaint.[2] Apparently reconsidering this approach, the trial court, at this March 18, 2022 hearing, instructed Petitioners' counsel to submit a proposed partial summary judgment order granting Petitioners' summary judgment motion as to Count V. The record we have been provided is unclear as to whether Petitioners, who were then represented by counsel, submitted the requested order to the trial court immediately following this March 18, 2022 hearing.

What our record does reflect is that on January 18, 2024, Petitioners, who were then self-represented, in anticipation of a January 26, 2024 case management conference, sent a proposed order to the trial court, along with a cover letter requesting the trial court to enter the order, characterizing the

---

[2] A discovery matter also caused an obstacle to the trial court's entry of the summary judgment order as to Count V; however, prior to the March 18, 2022 hearing, Petitioners withdrew their request of the trial court that had caused the trial court to re-open discovery in October 2021.

3

trial court's signing of the proposed order as a "ministerial act." At the January 26, 2024 case management conference, Petitioners argued that the trial court should enter the proposed order. The trial court told Petitioners that their arguments were outside the scope of the case management conference and suggested that Petitioners set the matter for a hearing. Petittioners then, through new counsel, filed the instant petition seeking a writ from this Court directing the trial court to enter an order granting summary judgment as to Count V of Petitioners' operative complaint.

## II.    Analysis

We are concerned about the length of time that Petitioners' summary judgment motion has been pending in the trial court and we acknowledge that, at the March 18, 2022 hearing, the trial court orally stated its intention to grant Petitioners' partial summary judgment as to Count V. Mandamus, however, is available as a remedy only when the act sought to be compelled is purely ministerial. To be purely ministerial in character means that the trial court has no room for the exercise of discretion and its action is directed by law. Wells v. Castro, 117 So. 3d 1233, 1236 (Fla. 3d DCA 2013). Mandamus is warranted when a party with a clear legal right has no remedy left if the trial court does not act. S. R. Acquisitions – Fla. City, LLC v. San Remo Homes at Fla. City, LLC, 78 So. 3d 636, 638  (Fla. 3d DCA 2011).

4

We have held that a trial court has a ministerial duty to reduce certain oral rulings to writing, but we have done so in the limited context of a ruling related to the disqualification of the trial judge. Murphy v. Collins, 306 So. 3d 365, 369 (Fla. 3d DCA 2020); see also Godin v. Owens, 275 So. 3d 700, 701 (Fla. 5th DCA 2019). This duty is ministerial only so long as the record plainly reveals that the trial court does not intend to make a substantive change to the ruling. Murphy, 306 So. 3d at 369. Petitioners have cited no case that would apply Murphy's limited holding to the circumstances of this case.

In other words, we have been provided no authority suggesting that the trial court has a ministerial duty to sign a proposed order partially granting a final summary judgment motion, even a proposed order submitted at the behest of the trial court after the trial court has orally granted the motion. Not only is the trial court free to revisit and modify its interlocutory rulings at any time,[3] but this Court recognizes more generally that "[a] trial court has broad discretion to manage its docket." S.R. Acquisitions, 78 So. 3d at 638. Only when the trial court has breached what is plainly a purely ministerial duty will the remedy of mandamus lie. See, e.g., Griffin Windows & Doors, LLC v. Pomeroy, 351 So. 3d 1125, 1127 (Fla. 3d DCA 2022) (holding that a trial

---

[3] See Oliver v. Stone, 940 So. 2d 526, 529 (Fla. 2d DCA 2006); Bettez v. City of Miami, 510 So. 2d 1242, 1242-43 (Fla. 3d DCA 1987) (holding that a trial court may revisit a ruling denying summary judgment).

court has a duty to set an evidentiary hearing on the award of attorney's fees and costs after ruling on the entitlement to such fees); Thompson v. State, 985 So. 2d 1177, 1177 (Fla. 3d DCA 2008) (holding that a trial court has a duty to hold a hearing and rule on a post-conviction motion filed seventeen months earlier); Ivans v. Greenbaum, 613 So. 2d 130, 130 (Fla. 3d DCA 1993) (holding that "the trial court has a mandatory, non-discretionary duty to set [a] case for trial").

We deny the petition because, under the circumstances here, notwithstanding the trial court's oral pronouncements, the trial court does not have a purely ministerial duty to enter a partial summary judgment on Count V of Petitioners' operative complaint.

Petition denied.

6