PER CURIAM.
We have for review the referee’s report recommending that the respondent, Daniel E. Sehramek, be found guilty of indirect criminal contempt for engaging in the unlicensed practice of law in violation of this Court’s injunction issued in The Florida Bar v. Schramek, 616 So.2d 979 (Fla.1993). We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee’s findings and recommendations.
In April 1993, this Court issued its opinion in Sehramek, finding that Sehramek had engaged in the unlicensed practice of law and had caused damage to persons who sought his services and advice. In that opinion, we permanently enjoined Sehramek from the unauthorized practice of law and specifically stated that he would be found in indirect criminal contempt of this Court if he further engaged in the unauthorized practice of law.
The Florida Bar subsequently filed a petition in this Court charging that Sehramek had engaged in the unlicensed practice of law in this state. In its petition, the Bar asked that we issue an order to show cause why Sehramek should not be held in contempt of court. After the order to show cause was issued, this cause was referred to a referee for findings and recommendations.
The referee filed his report finding that the following facts were stipulated to by the parties in this cause:
That Daniel E. Sehramek was enjoined by the Supreme Court of Florida from engaging in unauthorized practice of law in the State of Florida;
That on or about September 13, 1993, Daniel E. Sehramek did file a notice of appearance in the case of Robert B. New-mark, Case No. 93-6834-FD-24, said case then pending in the Sixth Judicial Circuit of Florida; [and]
That on or about September 16, 1993, Daniel E. Sehramek corresponded with the Honorable Ray E. Ulmer, Chief Judge of the Sixth Judicial Circuit, as representative of and on behalf of Robert B. New-mark.
On these facts, the referee found that Schra-mek violated this Court’s injunction by acting directly or indirectly as a spokesperson or representative in the courts of this state, *61 which constituted the unlicensed practice of law. The referee then made the following findings regarding recommended discipline.
Mr. Schramek, at one time, was woefully misguided as to the authority of the Supreme Court of Florida and its jurisdiction over Mr. Schramek, resulting in numerous acts from September of 1998 to January of 1994 in violation of the Supreme Court’s injunction, which acts constituted the practice of law in this State.
The court finds that since January of 1994, approximately 18 months last past, Mr. Schramek has withdrawn from attempting to practice law and has done nothing in violation of the injunction and now devotes his knowledge to journalism on a small publication in this area.
The State urges strongly that .Mr. Schramek be incarcerated for five months with a term of probation to follow. The court, having considered that Mr. Schra-mek has now seen the error of his ways and considering as mitigation that he has abstained from violating the Court’s injunction for the last 18 months, it is the recommendation of the undersigned that Mr. Schramek be sentenced to ninety days in the County Jail with the last sixty days suspended, upon the condition that he not further violate the laws of this State or the injunction entered against him. It is further recommended that all costs of these contempt proceedings be taxed against Respondent Schramek.
The “parade of horribles” caused by Schramek’s unauthorized practice of law is set forth in detail in our opinion in Schra-mek; we need not reiterate those facts in this opinion. As noted by the referee, Schra-mek clearly continued to engage in the unauthorized practice of law after he was enjoined from doing so by this Court. We acknowledge the referee’s finding that Schramek is apparently no longer engaging in the unauthorized practice of law, but we cannot ignore his original blatant disregard for this Court’s injunction. Consequently, we approve the referee’s findings and recommended discipline.
Accordingly, Daniel E. Schramek is hereby found in indirect criminal contempt and is sentenced to ninety days’ imprisonment; however, the last sixty days of that sentence is suspended contingent upon the condition that he not further violate the laws of this state or the injunction entered against him in Schramek. Judgment for costs is hereby entered against Daniel E. Schramek in favor of the Florida Bar in the amount of $557.58, for which sum let execution issue. We direct that Schramek be immediately taken into custody to serve thirty days in the Pinellas County jail.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.