714 So.2d 381 (1998)
THE FLORIDA BAR, Complainant,
v.
David WILSON, III, Respondent.
No. 89066.
Supreme Court of Florida.
April 16, 1998.
Rehearing Denied June 15, 1998.
*382 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Eric M. Turner, Bar Counsel, Orlando, for Complainant.
David Wilson, pro se, Winter Haven, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical violations by attorney David Wilson, III. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed in this opinion we approve the referee's factual findings and recommendations as to guilt and we reject the recommended discipline. We suspend Wilson from the practice of law for one year to be followed by two years' probation under the terms recommended by the referee.
The Bar filed a complaint against Wilson alleging violations of rule 4-1.9 (lawyer who has formerly represented a client shall not represent another person in same or substantially related matter in which that person's interests are materially adverse to former client's interest absent consent of former client) and rule 4-8.4(d)(attorney shall not engage in conduct prejudicial to the administration of justice), of the Rules Regulating the Florida Bar. The charges arose from Wilson's representation of Betty Wells in a marital dissolution proceeding against her husband and alleged acts of misconduct during those proceedings. The referee held a final hearing and entered a report making the following findings.
In June 1990, Betty Wells won approximately $8 million in the Florida lottery. Mrs. Wells wished to share the lottery winnings equally with her husband. Mr. and Mrs. Wells contacted Wilson, who filed a petition for declaratory judgment against the Department of the Lottery on their behalf. The final judgment provided that Mr. and Mrs. Wells would share the lottery proceeds equally. The referee specifically found that Wilson had represented Mr. Wells in the declaratory judgment action and had obtained an award of fifty percent of the lottery winnings for him.
Subsequently, Wilson represented Mr. and Mrs. Wells in several other matters, including the purchase of a home and interceding for them when they experienced problems making mortgage payments. The mortgage issues were active in April 1995, after Mr. Wells filed the dissolution action in March 1995. Wilson represented Mr. Wells on criminal charges in 1993 and represented Mrs. Wells in 1994 after Mr. Wells alleged that she battered him.
At some point, Mr. Wells approached Wilson to represent him in a marital dissolution action against Mrs. Wells. Wilson refused due to his past representation. Mr. Wells obtained other counsel and filed a dissolution action. Wilson filed an answer and counter-petition for dissolution on Mrs. Wells' behalf and moved to set aside the declaratory judgment award which had given Mr. Wells a 50% interest in the lottery winnings. Wilson failed to produce any waiver of conflict documents.
The referee found that Wilson's representation of Mrs. Wells in the dissolution proceeding was a clear conflict of interest in violation of rule 4-1.9, Rules Regulating the Florida Bar. The referee found that Mr. Wells suffered no actual harm because the court denied the motion to set aside the declaratory judgment.
During the course of the dissolution proceeding, Mr. Wells' attorney filed a motion to disqualify Wilson. The trial judge held a hearing on the motion on December 1, 1995, and granted the motion orally from the bench. The judge entered a written order of disqualification on December 12, 1995. After the judge orally granted the motion, but before entry of the written order, Wilson filed a motion for stay pending review, a motion for rehearing on the disqualification, and a motion to recuse the trial judge. The referee found that Wilson's filing of the recusal motion after he had been orally disqualified *383 violated rule 4-8.4(d), Rules Regulating the Florida Bar.
The referee recommended a ninety-day suspension with automatic reinstatement, followed by a two-year probation under specific probationary terms. In determining the recommended discipline, the referee relied on Wilson's age (44), his many years of practice (Wilson was admitted to the Bar in 1977), and his disciplinary record, which included only a private reprimand in 1992. Wilson petitioned this Court for review of the referee's report.

ANALYSIS AS TO GUILT
Wilson challenges the referee's findings and conclusions of guilt. A referee's findings regarding guilt are presumed correct and must be upheld unless clearly erroneous or without support in the record. Florida Bar v. Benchimol, 681 So.2d 663, 665 (Fla.1996). The record supports the referee's conclusion that Wilson's representation of Mrs. Wells in the dissolution proceeding was a conflict of interest. The pleadings filed by Wilson in the declaratory judgment action on the lottery proceeds and Mr. Wells' testimony before the referee indicate that Wilson represented both Mr. and Mrs. Wells in that action. The record demonstrates that Wilson assisted Mr. and Mrs. Wells in the purchase of a home and in matters related to the mortgage on their home. Wilson failed to produce any documents showing a waiver of the conflict of interest.
Wilson also challenges the referee's findings regarding the motion to recuse the trial judge. Wilson argues that the order disqualifying him as Mrs. Wells' attorney was not rendered until the judge filed the written order with the clerk and thus the judge was free to change his oral ruling until that time.[1] Wilson relies on MacKenzie v. Super Kids Bargain Store, 565 So.2d 1332 (Fla.1990), arguing that a trial judge faced with a motion to recuse should resolve that motion before making any other rulings.
We find MacKenzie factually inapposite to the case at bar. In that case, a judge was faced with a motion for recusal based on plaintiff's counsel's contribution to the election campaign of the judge's husband. The judge granted the attorney's ore tenus motion for substitution and then denied the motion for recusal. The Court noted that this procedure created the impression that the judge attempted to retain the case to accommodate the withdrawing counsel. Under those circumstances, we found that the judge should have ruled on the motion for recusal before granting the motion to withdraw. In a situation more comparable to the instant case, we have held that a trial judge has authority to reduce a prior oral ruling to writing after the filing of a motion to disqualify the judge. Fischer v. Knuck, 497 So.2d 240, 243 (Fla.1986) (motion for recusal untimely when filed eleven days after testimony had been taken and five days after judge had announced his ruling orally).
In light of Wilson's clear conflict of interest, the fact that the judge had orally granted the motion to disqualify Wilson, and the tenuous factual allegations supporting the motion to recuse,[2] we approve the referee's finding that Wilson's conduct violated rule 4-8.4(d), Rules Regulating the Florida Bar.

ANALYSIS AS TO DISCIPLINE
Although a referee's recommendation for discipline is persuasive, this Court bears the ultimate responsibility of determining the appropriate sanction. Florida Bar v. Reed, 644 So.2d 1355 (Fla.1994). After Wilson filed his petition for review in the instant case, this Court suspended him for ninety days in another disciplinary matter. See Florida Bar v. Wilson, 697 So.2d 1219 (Fla.1997) (Wilson I). In Wilson I, Wilson was suspended for threatening a witness in proceedings before the United States District Court *384 for the Middle District of Florida. That misconduct occurred close in time to the misconduct at issue in the instant case. Wilson argues that Wilson I should not be considered in determining an appropriate discipline in the present case.
This Court considers cumulative misconduct as a relevant factor when determining the appropriate penalty in a disciplinary matter. Florida Bar v. Adler, 589 So.2d 899, 900 (Fla.1991). Cumulative misconduct may be found when the misconduct occurs near in time to the other offenses. Florida Bar v. Golden, 566 So.2d 1286 (Fla.1990). This Court generally imposes a greater sanction for cumulative misconduct than for isolated misconduct. Florida Bar v. Lawless, 640 So.2d 1098, 1101 (Fla.1994). The referee could not consider Wilson I because it was still pending when he entered his report in the instant case. See Florida Bar v. Inglis, 660 So.2d 697 (Fla.1995) (referees in three different cases involving same attorney could not consider cumulative misconduct because no basis for such a finding exists until this Court takes action). However, now that Wilson I is final, we find that the cumulative misconduct it represents warrants a more severe sanction than that recommended by the referee. Therefore, we suspend Wilson from the practice of law for one year, after which time he will remain on probation for two years according to the probationary terms recommended by the referee.
Accordingly, David Wilson III is hereby suspended for one year. The suspension will be effective thirty days from the filing of this opinion so that Wilson can close out his practice and protect the interests of existing clients. If Wilson notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Wilson shall accept no new business from the date this opinion is filed until the suspension is completed.
Upon reinstatement, Wilson shall be placed on probation for a period of two years. During the term of probation Wilson shall: (1) be assigned to a Florida Bar-approved monitoring attorney; (2) submit quarterly reports to the monitoring attorney for review of possible conflicts of interest; (3) develop and maintain a system for conflict avoidance satisfactory to the Bar; and (4) pay all fees and costs associated with the monitoring attorney. We also enter judgment against Wilson in favor of The Florida Bar for costs in the amount of $1,886.10, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] Wilson predicates this argument on rule 9.020(h), Fla. R.App. P., which provides "Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal."
[2] The sole allegations supporting the recusal motion were contained in the affidavit of Mrs. Wells which accompanied the motion. She stated that the judge demonstrated a lack of interest and total disregard for any position presented by Wilson and that at the disqualification hearing, the judge seemed amused or disinterested each time Wilson spoke, but seemed totally involved when the other attorney spoke.