797 So.2d 1255 (2001)
THE FLORIDA BAR, Complainant,
v.
Jeffrey Evan COSNOW, Respondent.
No. SC96262.
Supreme Court of Florida.
October 11, 2001.
John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Division Director, Tallahassee, FL, and Brett Alan Geer, Assistant Staff Counsel, Tampa, FL, for Complainant.
Jeffrey E. Cosnow, pro se, Palm Harbor, FL, for Respondent.
*1256 PER CURIAM.
We have for review a referee's report regarding alleged ethical breaches by Jeffrey Evan Cosnow. We have jurisdiction. See art. V, § 15, Fla. Const. Although we affirm the referee's findings of fact and conclusions of guilt, we disapprove of the referee's recommended discipline. Due to Cosnow's prior suspension and multiple misconduct we suspend Cosnow from the practice of law for sixty days and thereafter place him on probation for one year.
The Bar filed a complaint against Cosnow alleging that in his representation of Sharon Robinson he violated Rules Regulating the Florida Bar 4-1.1 (a lawyer shall provide competent representation to a client), and 4-1.7(a) (prohibition against representing adverse interests). The Bar then sent a request for admissions. Cosnow's answer to the request admitted all material facts. Thereafter, Cosnow filed his motion for summary judgment and attendant affidavit arguing that the facts did not amount to the rule violations alleged by the Bar. The Bar filed a cross-motion for summary judgment, arguing that the facts demonstrated that Cosnow was guilty of violating the aforementioned rules. The referee conducted a summary judgment hearing on November 8, 1999, found no genuine issues of material fact, and granted the Bar's cross-motion for summary judgment. The referee's report reflects her findings of fact, conclusions of guilt, and recommendation as to discipline:
III. Findings of Fact:
Pursuant to a court order dated March 7, 1989, Ms. Sharon Robinson was granted temporary legal custody of her grandson, Dustin R. Carroll, who had been born out of wedlock on or about April 22, 1987. (Hereinafter, Dustin Carroll will be referred to as "the child"). Ms. Robinson's daughter, Stephanie Reed ("Ms. Reed"), was the child's birth mother, and Ronald Swango ("Swango") was the child's putative father. On or about September 12, 1997, Swango was killed in a vehicular accident involving Ms. Rita Frappier ("Ms. Frappier"); as such, Swango's estate accrued a potential cause of action for wrongful death against Ms. Frappier.
On September 16, 1997, Ms. Robinson entered into three separate retainer agreements with Respondent: one covered Respondent's representation in paternity and guardianship proceedings relating to the child; another related to the administration of Swango's estate; and the third covered Respondent's representation relating to a claim for damages for Swango's wrongful death. On December 5, 1997, Respondent filed a paternity action in the Sixth Judicial Circuit Court in and for Pinellas County (Case No. 97-11684-FD-23), which petition named Ms. Frappier and Ms. Reed as individual defendants. However, the only party that could have been a proper defendant to the paternity action was the estate of Ronald W. Swango and/or the personal representative of Swango's estate. On March 10, 1998, the court dismissed Ms. Frappier from the paternity action as an improper party.
Respondent also filed a guardianship action in the Sixth Judicial Circuit Court in and for Pinellas County (Case No. 98-1578-GD), within which Respondent prayed that Ms. Robinson be appointed to act as the child's guardian. By virtue of the court order of March, 1987[sic], Ms. Robinson already was the child's legal guardian. On March 26, 1998, Respondent wrote a letter to Ms. Robinson advising that he was withdrawing as attorney of record in the guardianship proceeding, but that he would remain as counsel in the paternity action, in the probate action involving Swango's estate, *1257 and in the wrongful death action. The next day, Ms. Robinson delivered to Respondent a letter by which she demanded that he cease and desist from performing any further legal representation in any matter pertaining to herself or the child.
On April 3, 1998, Respondent filed a "Motion to Substitute Next Friend" in the paternity action, in which pleading Respondent asserted that he had been retained to represent the legal interests of the child by Ms. Reed, the child's mother. Respondent knew or should have known that the legal interests of Ms. Robinson and Ms. Reed were directly and materially adverse in any action that involved the care, control, custody, or representation of the minor child. By virtue of the March, 1987[sic] court order, Ms. Reed was not qualified to supersede Ms. Robinson as representative or guardian of the child, a fact that Respondent knew or should have known. Ms. Robinson then retained Susan C. Fogarty, Esq. ("Ms. Fogarty") to represent her and the child's legal interests. Ms. Robinson did not consent to Respondent representing Ms. Reed in the same proceeding as he previously had represented Ms. Robinson.
Respondent also filed a Petition for Formal Administration (In re: The Estate of Ronald W. Swango, Pinellas County, Florida Case No. 98-1802-ES-3), in which Respondent purported to represent Ms. Reed. On April 3, 1998, Ms. Robinson filed an objection to the appointment of Ms. Reed as personal representative in the probate action. At a hearing conducted April 13, 1998, Respondent agreed to withdraw from the probate action but requested that the court appoint an attorney ad litem to represent the interest of the child, upon which the court directed Respondent and Ms. Fogarty to submit the names of three (3) attorneys who would be willing to accept the appointment as attorney ad litem. One attorney whom Respondent recommended to the probate court was John Blakely, Esq., and the court chose Mr. Blakely. Respondent recommended Mr. Blakely despite the fact that he knew or should have known that Mr. Blakely was a member of the same law firm that had represented Ms. Frappier, the (now-dismissed) defendant in the paternity case.
On April 9, 1998, Ms. Fogarty filed a motion to disqualify Respondent as attorney in the paternity case, due to a conflict of interest. On July 22, 1998, the court held that Respondent had created a conflict of interest in the paternity case and issued an order granting the motion to disqualify him as counsel. Neither Ms. Robinson, nor Ms. Reed, nor the child had legal standing to act as personal representative of Swango's estate, and therefore had no legal standing to initiate a wrongful death action on behalf of Swango's estate.
IV. Recommendations as to Whether or Not the Respondent Should be Found Guilty:

I find Respondent guilty of violating the following Rules Regulating The Florida Bar: Rule 4-1.1 (A lawyer shall provide competent representation to a client); and Rule 4-1.7(a) (Prohibition against representing adverse interests).
V. Recommendations as to Disciplinary Measures to be Applied:

I recommend that Respondent be placed on probation for a period of eighteen months during which he will (1) be subject to supervision by a member of the Florida Bar (2) refrain from representing clients in any areas of law that are not currently included in his caseload until he completes a minimum of thirty *1258 hours of approved continuing legal education courses in the new area and (3) enrolls in and successfully completes the one-day Ethics School refresher course operated by The Florida Bar.
Florida Bar v. Cosnow, No. SC96262, report of referee at 1-3 (report filed Jan. 28, 2000) (report).
We agree with the referee's conclusion that Cosnow is guilty of violating rules 4-1.1 and 4-1.7(a).[1] In Florida Bar v. Daniel, 626 So.2d 178, 182 (Fla.1993), we held that a referee has the authority in a bar disciplinary proceeding to enter a summary judgment order:
Under Rule Regulating The Florida Bar 3-7.6(e)(1), once a formal complaint has been filed and forwarded to a referee for hearing, the Florida Rules of Civil Procedure apply except where otherwise provided in the rule. Florida Rule of Civil Procedure 1.510(c) provides for summary judgment where ... it is shown there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.
See also Florida Bar v. Miravalle, 761 So.2d 1049, 1051 (Fla.2000) ("[A] referee has the authority in an [unlicensed practice of law] case to enter a summary judgment...."). Appellate courts review summary judgment orders de novo with all facts and inferences to be resolved in favor of the party opposing the summary judgment. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130-31 (Fla.2000); Turner v. PCR, Inc., 754 So.2d 683, 684 (Fla.2000). Cosnow points to no genuine issues of material fact in respect to the basis of the referee's conclusion that he violated rules 4-1.1 and 4-1.7(a). Thus, we find no genuine issue of material fact exists in the instant case.[2] Rather, the parties disagree as to whether Cosnow's admitted actions in representing the child constitute unethical conduct. We find this to be a question of law. We affirm the referee's conclusions from the admitted facts that Cosnow did not provide competent representation of his client, Ms. Robinson, or of her ward, the child. See Florida Bar v. Lecznar, 690 So.2d 1284, 1286 (Fla.1997) (finding violation of rule 4-1.1 where lawyer demonstrated failure to understand relevant legal doctrines or procedures and caused injury). We likewise agree that Cosnow was in violation of the conflict of interest rule 4-1.7(a) in his representation of Ms. Reed. See Florida Bar v. Dunagan, 731 So.2d 1237, 1240 (Fla. 1999) (finding violation of rule 4-1.7 where attorney represented a husband and wife in matters related to their business and then represented husband against wife in dissolution of marriage proceeding); Florida *1259 Bar v. Wilson, 714 So.2d 381, 383 (Fla. 1998) (finding conflict of interest where attorney represented husband and wife in lawsuit against Department of Lottery and then subsequently represented wife in dissolution of marriage proceeding).

DISCIPLINE
The Bar argues that Cosnow's conduct merits discipline of a sixty-day suspension, a one-year probation, and required attendance at ethics school. We agree. This Court has a broad scope of review regarding discipline, as we bear the ultimate responsibility of ordering the appropriate sanction. See Florida Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
The Standards for Imposing Lawyer Sanctions support a suspension. Standard 4.32 states that "[s]uspension is appropriate when a lawyer knows of a conflict of interest and does not fully disclose to the client the possible effect of that conflict, and causes injury or potential injury to a client." Standard 4.52 provides that "[s]uspension is appropriate when a lawyer engages in an area of practice in which the lawyer knowingly lacks competence, and causes injury or potential injury to a client." Cosnow created a conflict of interest in which he exposed Ms. Robinson to potential harm in representing Ms. Reed. Further, Ms. Frappier was injured in that she hired legal counsel to get herself dismissed from the paternity action. Cosnow's incompetence and creation of a conflict of interest also caused harm in unnecessarily complicating and prolonging litigation involving the child. See Dunagan, 731 So.2d at 1243; Lecznar, 690 So.2d at 1286.
We have imposed suspensions for similar conduct. In Wilson we imposed a ninety-day suspension where the attorney represented a husband and wife against the Department of Lottery and then represented the wife against a husband in a dissolution of marriage proceeding. In Florida Bar v. Dunagan, 565 So.2d 1327 (Fla.1990), we imposed a sixty-day suspension on an attorney who improperly billed a client and attended a loan closing to represent his own interests while purporting to represent those of the client.
We also note that Cosnow has a history of ethical violations. Cosnow has been disciplined and suspended for ten days for past unethical misconduct. See Florida Bar v. Cosnow, 732 So.2d 329 (Fla.1999) (suspending by order Cosnow's license to practice law for ten days for violating rules 4-1.3 (diligence), and 4-1.4(b) (failure to explain matters to the extent necessary to permit the client to make informed decisions regarding the representation)); Florida Bar v. Cosnow, 661 So.2d 826 (Fla. 1995) (imposing public reprimand and one-year probation on Cosnow by order for violating rules 4-1.3 and 4-8.4(d) (engaging in conduct prejudicial to the administration of justice)); Florida Bar v. Cosnow, 582 So.2d 624 (Fla.1991) (imposing public reprimand by order for several trust fund violations).
In light of the case law, Cosnow's prior suspension, and his multiple instances of misconduct, we now suspend Cosnow from the practice of law for sixty days followed by a one-year period of probation under the conditions recommended by the referee. Before Cosnow is reinstated, he must successfully complete the ethics school course operated by The Florida Bar. The sixty-day suspension will be effective thirty days from the filing of this opinion so that Cosnow can close out his practice and protect the interests of existing clients. If Cosnow notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making *1260 the suspension effective immediately. Cosnow shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Jefferey Evan Cosnow in the amount of $750, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] We note that, although we agree with the referee's conclusion that Cosnow violated the rules, we do not agree with the referee's finding that "[n]either Ms. Robinson, nor Ms. Reed, nor the child had legal standing to act as personal representative of Swango's estate, and therefore had no legal standing to initiate a wrongful death action on behalf of Swango's estate." Florida Bar v. Cosnow, No. SC96262, report of referee at 3 (report filed Jan. 28, 2000) (report). A cursory review of the relevant statutes establishes that persons with adverse interests to the estate and even strangers can be personal representatives to an estate. See Williams v. Infinity Ins. Co., 745 So.2d 573 (Fla. 5th DCA 1999); Continental Nat'l Bank v. Brill, 636 So.2d 782, 784 (Fla. 3rd DCA 1994) ("Under the Wrongful Death Act, the personal representative is the party who seeks recovery of all damages caused by the injury resulting in death for the benefit of the decedent's survivors and for the estate.").
[2] Cosnow admitted all material facts in his answer to the Bar's request for admissions, in his motion for summary judgment and attached affidavit, and in the November 8, 1999, summary judgment hearing. Cosnow, however, has maintained that he has only purported to represent the child.