PER CURIAM.
We have for review a referee’s report recommending that respondent Robert V. Palmer be found in indirect criminal contempt of the Court’s 1991 order disbarring him from the practice of law in Florida, and that he be incarcerated for a period of sixty days, among other sanctions. We have jurisdiction. See art. V, § 15, Fla. Const. As discussed below, we approve the referee’s findings of fact, recommendations as to guilt,' and the recommended sanctions in their entirety.
BACKGROUND
Robert Palmer was disbarred from the practice of law in Florida on October 31, 1991. Fla. Bar v. Palmer, 588 So.2d 234 (Fla.1991). Several years later, The Florida Bar filed a petition for contempt alleging that Palmer engaged in the practice of law in violation of his disbarment. As a result of that action, on November ■ 30, 1995, Palmer was “permanently and perpetually restrained from engaging in the practice of law in the State of Florida.” Fla. Bar v. Palmer, No. 83,999, 666 So.2d 145 (Fla. order entered Nov. 30, 1995).
Since his disbarment, Palmer has continued to engage in the unauthorized practice of law. On March 10, 2005, the Court entered an order in two consolidated cases holding Palmer in indirect criminal contempt of the Court’s 1991 disbarment order. The order sentenced Palmer to sixty days incarceration on each of three counts, to be served concurrently; however, the *1119 Court suspended fifty days of each sentence, reducing the total period of incarceration to ten days. Fla. Bar v. Palmer, No. 91,838 and No. 00-1934, 900 So.2d 555 (Fla. order entered March 10, 2005).
In this case, the Bar has filed a new petition for contempt and order to show cause alleging that Palmer has engaged in the unauthorized practice of law. The Court issued an order directing Palmer to show cause why he should not be held in contempt. After Palmer filed a response to the order, the case was referred to a referee. The referee held a hearing and has submitted a report to the Court, in which he makes the following findings and recommendations.
Palmer is the registered owner of a business called “All Florida Legal Clinic” (the “Clinic”). The referee found that he identifies himself as a “retired” lawyer. In 2009, one of Palmer’s former clients contacted the Clinic to request help with a guardianship matter. Palmer answered the phone call himself, told the client he could assist her with the matter, and asked her to come to his office. When the client arrived at the Clinic she saw Palmer’s credentials on display and decided to hire him. However, after waiting a while to meet with Palmer, Palmer’s assistant told the client that he was out of the office. A few days later, the client returned to the Clinic. At that time, Palmer’s assistant told her that Palmer could help with the guardianship matter, and that he would charge $550 for his services. The referee noted that the assistant called Palmer about the price, Palmer told her the amount over the phone, and the assistant repeated the number back. ' The client then paid Palmer $550, as is evidenced by Palmer’s signature on the client’s check dated in August 2009.
Over the following weeks, the client did not hear anything further from Palmer regarding her case. When she inquired with Palmer’s office, she was told that the documents were pending. Later, after numerous calls to Palmer’s office, the client requested a refund of her $550. Her requests were repeatedly ignored. The client used a prepaid legal plan to send Palmer a letter asking for a full refund, but she still received no response. Palmer’s wife eventually sent the client a refund of $275; however, the client has not received the balance owed to her.
Although the client admitted that she did not meet Palmer face-to-face at either of her visits to All Florida Legal Clinic, she testified that she recognized his voice on the phone. Based on the facts presented, the referee found that Palmer had direct contact with the client in the nature of consultation, explanation, recommendation, advice, or assistance, and that his interactions with the client in this regard constituted the practice of law in violation of the Court’s disbarment order. Further, the referee found that, as the registered owner of “All Florida Legal Clinic,” and in identifying himself as a “retired” lawyer, Palmer held himself out as an attorney, both expressly and impliedly. Accordingly, the referee recommends that Palmer be found in indirect criminal contempt.
In determining the appropriate sanction, the referee considered one aggravating factor, namely Palmer’s prior disciplinary history. The referee did not find any mitigating factors.
As to the sanction, the referee recommends that Palmer be incarcerated for a period of sixty days; that he be ordered to pay the Bar’s costs; that he refund the remaining $275 owed to his client; and that he remove any diplomas or licenses at All Florida Legal Clinic that give the impression that he is either licensed to practice law or that he is a “retired” lawyer.
*1120 ANALYSIS
Although Palmer did file a petition for review of the referee’s report, his petition was dismissed.[1] Accordingly, this case is now in the posture of an uncontested discipline proceeding. Pursuant to Rule Regulating the Florida Bar 3-7.7(c)(6)(A):
If no review is sought of a report of a referee entered under the rules and filed in the court, the findings of fact shall be deemed conclusive and the disciplinary measure recommended by the referee shall be the disciplinary measure imposed by the court, unless the court directs the parties to submit briefs or oral argument directed to the suitability of the disciplinary measure recommended by the referee.
Thus, we approve the referee’s findings of fact and recommendations as to guilt without further comment.
We also approve the referee’s recommended sanctions, including the recommendation that Palmer be incarcerated for a period of sixty days. Florida Bar rule 3-7.11(f)(1)(F) authorizes this Court to review petitions for contempt and to issue “any sanction that a court may impose for contempt.” (Emphasis added.) Moreover, this Court has inherent authority to enforce its orders to ensure compliance with those orders. See Parisi v. Broward County, 769 So.2d 359, 363 (Fla.2000) (“It has long been recognized that courts have the authority to enforce a judgment by the exercise of their contempt powers.”) (citing Johnson v. Bednar, 573 So.2d 822, 824 (Fla.1991)); see also Fla. Bar v. Schramek, 616 So.2d 979, 983 (Fla.1993) (“Florida’s constitution inherently vests the power in this Court to prevent the practice of law by those not admitted to that practice and ... we may enforce that authority through either injunction or contempt proceedings because the unauthorized practice of law constitutes contempt of court.”).- Here, Palmer has repeatedly engaged in the practice of law despite several specific orders from this Court prohibiting him from doing so. In light of his continued actions in contempt of this Court’s disbarment order, we hold that incarceration for sixty days is the appropriate sanction.
CONCLUSION
Accordingly, we approve the referee’s findings of fact, recommendations of guilt, and recommended sanctions as set forth in the report of the referee. Robert V. Palmer is sentenced to sixty (60) days in jail. Palmer shall surrender to the Duval County Sheriff within five (5) days after service of this order on Palmer. In the event Palmer does not surrender, the Sheriff of Duval County, Florida, is authorized and directed to take Palmer into custody and imprison him for sixty (60) days.
Additionally, Palmer shall refund the remaining $275 owed to Gwendolyn Williams under the terms and conditions set forth in the report of the referee.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Robert V. Palmer in the amount of $3,096.04, for which sum let execution issue.
It is so ordered.
*1121 POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA and PERRY, JJ., concur.

. Palmer’s initial brief in this case was stricken because it did not comply with Florida Rule of Appellate Procedure 9.210. Fla. Bar v. Palmer, No. 10-543 (Fla. order entered Feb. 9, 2012). Although he was given several opportunities to file an amended brief, he did not do so. Accordingly, on April 30, 2013, this Court entered an order dismissing his petition for review. Fla. Bar v. Palmer, No. 10-543 (Fla. April 30, 2013).