# Supreme Court of Florida

_____

No. SC11-1356
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**JEFFREY ALAN NORKIN,**
Respondent.


_____

No. SC13-2480
_____

**THE FLORIDA BAR,**
Petitioner,

vs.

**JEFFREY ALAN NORKIN,**
Respondent.

[October 8, 2015]

PER CURIAM.

We have for review a referee's report recommending that Respondent

Jeffrey Alan Norkin be found guilty of professional misconduct and disbarred from

the practice of law.  We have jurisdiction.  See art. V, § 15, Fla. Const.

# FACTS

Previously, in case number SC11-1356, Respondent Jeffrey Alan Norkin was suspended from the practice of law for two years and was ordered to appear before the Court for a public reprimand. Fla. Bar v. Norkin, 132 So. 3d 77, 93 (Fla. 2013).[1] As is standard, the Court's opinion required Norkin to fully comply with Rule Regulating the Florida Bar 3-5.1(h), which requires a suspended attorney to give notice of the suspension to all clients, opposing counsel or co-counsel, and all courts, tribunals, or adjudicative agencies before which the attorney is counsel

---

1. In that case, Respondent made threatening and disparaging statements to a senior judge, who had been appointed to serve as a provisional director by civil trial Judge Dresnick. This misconduct violated Rules Regulating the Florida Bar 4-8.2(a) (a lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, mediator, arbitrator, adjudicatory officer, or public legal officer) and 4-8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct).

Respondent also demonstrated unprofessional and antagonistic behavior during numerous hearings in the civil case. Respondent's behavior was offensive to both Judge Dresnick and successor Judge Valerie Manno Schurr. His conduct also disrupted the proceedings, in violation of rule 4-3.5(c) (a lawyer shall not engage in conduct intended to disrupt a tribunal).

Finally, Respondent made approximately ten disparaging or humiliating statements to opposing counsel. Respondent yelled insults at opposing counsel in the hallway of a courthouse in front of other attorneys. Respondent shouted in front of a judicial assistant and other attorneys that opposing counsel was a liar. Such misconduct was in violation of rule 4-8.4(d) (prohibiting an attorney from engaging in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against other lawyers on any basis).

of record by furnishing them with a copy of the suspension order. The rule also requires the suspended attorney, within thirty days of service of the order, to furnish bar counsel with a sworn affidavit listing the names and addresses of all persons and entities to which notice was given.

On December 31, 2013, the Bar filed a petition for contempt and order to show cause against Norkin in case number SC13-2480 alleging that despite several notifications of his noncompliance, he had failed to submit the required affidavit to bar counsel. Then, on January 13, 2014, the Bar filed an amended petition also alleging that Norkin had engaged in the practice of law after the effective date of the suspension by sending an e-mail to opposing counsel in a case pending in the circuit court questioning a hearing date and discussing the results of the hearing and the legal sufficiency of the motion addressed, and by preparing a pleading for his former client, which the client filed in the circuit court case.

On January 14, 2014, the Court issued an order directing Norkin to show cause why he should not be held in contempt or other discipline imposed for the reasons set forth in the Bar's petition. Norkin filed a response to the petition on January 29, 2014. The petition for contempt was then referred to a referee for a hearing and recommendation.

In the meantime, the Bar filed, in case number SC11-1356, a motion for sanctions against Norkin. The motion alleged that after having been suspended

and publicly reprimanded by the Court, Norkin sent bar counsel three offensive and threatening e-mails evidencing "complete disregard for the contents of the Court's opinion, as well as the reprimand administered by Justice Polston." The motion also pointed out that Norkin, through his countenance and physical conduct while the public reprimand was being administered in case number SC11-1356, showed his contempt for the Court. The motion urged the Court to disbar Norkin. This motion was referred to the referee in case number SC13-2480 for a hearing and recommendation.

On September 3, 2014, the referee filed his report and recommendation on the Bar's petition for contempt and the motion for sanctions. The report states that, as to the petition for contempt, the Bar filed a motion for summary judgment before the referee and that the referee granted that motion. The referee found that based upon Norkin's own response to the motion for summary judgment and testimony at the hearing, there were no genuine issues of material fact with respect to the allegations concerning Norkin's failure to comply with Rule Regulating the Florida Bar 3-5.1(h). Similarly, based on Norkin's response and his own testimony at the hearing, the referee found that there was no genuine issue of fact concerning whether Norkin engaged in the practice of law after the effective date of his suspension. The referee also found that with regard to the Bar's motion for sanctions, Norkin had knowingly or through callous indifference disparaged,

threatened, and humiliated bar counsel, in violation of Rule Regulating the Florida Bar 4-8.4(d). Based on these findings, the referee recommends that Norkin be found in contempt of the Court's suspension order in SC11-1356, and that he be disbarred.

Before this Court, Norkin seeks review of the referee's report and recommendation. He challenges the referee's order granting summary judgment in favor of the Bar and finding him in contempt and argues that if any additional discipline is warranted, it is a public reprimand. The Bar has filed a cross-petition for review, arguing that Norkin should be permanently disbarred.

**ANALYSIS**

We first address Norkin's challenges to the referee's order granting summary judgment in favor of the Bar on the petition for contempt. A referee in a Bar discipline proceeding has the authority to enter a summary judgment order. Fla. Bar v. Cosnow, 797 So. 2d 1255, 1258 (Fla. 2001); Fla. Bar v. Daniel, 626 So. 2d 178, 182 (Fla. 1993). Pursuant to Rule Regulating the Florida Bar 3-7.6(f)(1), the Florida Rules of Civil Procedure govern proceedings before a referee unless otherwise provided. Florida Rule of Civil Procedure 1.510(c) provides for summary judgment in cases where it is shown that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The Court reviews summary judgment orders de novo with all facts and inferences

resolved in favor of the party opposing summary judgment. Cosnow, 797 So. 2d at 1258.

Here, the referee concluded that there was no genuine issue of material fact with regard to whether Norkin failed to comply with the requirements of rule 3-5.1(h). Rule 3-5.1(h) states:

> (h) Notice to Clients. Upon service on the respondent of an order of disbarment, disbarment on consent, disciplinary revocation, suspension, emergency suspension, emergency probation, or placement on the inactive list for incapacity not related to misconduct, the respondent shall, unless this requirement is waived or modified in the court's order, forthwith furnish a copy of the order to:
>      (1) all of the respondent's clients with matters pending in the respondent's practice;
>      (2) all opposing counsel or co-counsel in the matters listed in (1) above; and
>      (3) all courts, tribunals, or adjudicative agencies before which the respondent is counsel of record.
>      Within 30 days after service of the order the respondent shall furnish bar counsel with a sworn affidavit listing the names and addresses of all persons and entities that have been furnished copies of the order.

R. Regulating Fla. Bar 3-5.1(h). The Court's opinion suspending Norkin was issued on October 31, 2013. The opinion clearly required him to comply with this rule, and clearly stated that the filing of a motion for rehearing did not alter the effective date of the suspension. Norkin, 132 So. 3d at 93. Thus, Norkin was required to comply with the notification requirement and submit to bar counsel the required affidavit by December 2, 2013.

Norkin's argument that his motion for rehearing tolled the time for him to submit the required affidavit is disingenuous and we reject it. As noted, the Court's opinion clearly required Norkin to comply with rule 3-5.1(h). The rule clearly states that notice requirements are triggered "[u]pon service," of the disciplinary order, and the required affidavit must be furnished to bar counsel "[w]ithin thirty days after service of the order." R. Regulating Fla. Bar 3-5.1(h). The Court's opinion also clearly stated that the suspension would be effective thirty days from the date of the opinion, and that the filing of a motion for rehearing did not alter the effective date of the suspension. The purpose of the rule is to provide those who will be affected by the attorney's suspension with notice and an opportunity to take action to protect their interests. The rule and the effective date of the suspension go hand in hand, and the notice requirements must precede the effective date of the suspension. Otherwise, the purpose of the rule would be entirely thwarted.

The referee's conclusion that there was no genuine issue of material fact regarding whether Norkin timely complied with rule 3-5.1(h) was based on the evidence presented at the summary judgment hearing, including Norkin's own sworn response to the motion and his testimony at the hearing. In the report, the referee noted that in his sworn response, Norkin admitted that he did not furnish the suspension order to "some of [his] opposing counsel" and "some of the judges"

until after the Court denied his motion for rehearing, and that "[b]ecause the suspension was not tolled, all of these parties needed to be told I was suspended." He further noted that Respondent admitted that he "put off doing the ministerial task of the affidavit until the 11th hour" and that he "failed to include the addresses on the affidavit" that he eventually submitted with his response to the order to show cause in case number SC13-2480 "because he overlooked the requirements." Additionally, in his filings in this Court, Norkin does not dispute that he failed to submit the required affidavit until he filed his response to the Court's order to show cause, on January 29, 2014, and even then, he admits that the affidavit was incomplete because it lacked the addresses of the persons notified. Accordingly, it is clear that there was no genuine issue of material fact, and the referee properly granted summary judgment in the Bar's favor.

Similarly, the referee's conclusion that there was no genuine issue of material fact that Norkin continued to practice law after the effective date of his suspension was based in large part on Norkin's own response to the motion for summary judgment and his testimony at the hearing. The referee noted that in his sworn response, Norkin acknowledged that his suspension became effective on December 2, 2013, and that on January 6, 2014, he received a copy of a judgment and then sent an e-mail to opposing counsel in the case; and subsequently, he drafted for his client a motion for rehearing and a motion for sanctions. Further as

noted by the Bar, in his testimony at the summary judgment hearing, Norkin admitted that he drafted documents and had multiple contacts with his client while suspended. The client also testified that he had multiple telephone contacts with Norkin, with most of the conversations pertaining to his case. Accordingly, the referee was correct in concluding that there was no genuine issue of material fact and properly granted summary judgment in favor of the Bar with regard to the issues raised in the petition for contempt.

We also approve the referee's recommendation with regard to the Bar's motion for sanctions. As found by the referee in his report, Norkin's e-mails to bar counsel referred to bar counsel as "evil" and "despicable"; called the proceedings against him "the most unjust act in judicial history"; stated that bar counsel had no conscience; and stated, "I'm preparing the lawsuit against you. Keep an eye out." At the hearing on the motion for sanctions, the referee questioned Norkin about the e-mails and his behavior during the public reprimand administered by this Court. In response, Norkin asserted his "right to speak freely and to express his beliefs in the manner of his choosing," and freely admitted that during the public reprimand, he intentionally smirked and stared down each Justice one by one. We have disciplined attorneys for similar conduct as a violation of rule 4-8.4(d), including Norkin himself. See Norkin, 132 So. 3d at 86; Fla. Bar v. Martocci, 791 So. 2d 1074, 1075, 1078 (Fla. 2001) (finding that making insulting facial gestures at

opposing counsel, making sexist comments, and disparaging opposing counsel violated rule 4-8.4(d)); Fla. Bar v. Buckle, 771 So. 2d 1131, 1132 (Fla. 2000) (finding that humiliating and intimidating letter, sent by attorney to alleged victim of his client, violated rule 4-8.4(d)). Accordingly, we approve the referee's recommendation.

Norkin also challenges the referee's recommendation that he be disbarred. In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is the Court's responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So. 2d 852, 854 (Fla. 1989); see also Art. V, § 15, Fla. Const. However, generally speaking, this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So. 2d 555, 558 (Fla. 1999).

Here, disbarment is amply supported. As noted by the Bar, the Court has not hesitated to disbar attorneys who continue to practice law after being suspended. See Fla. Bar v. Lobasz, 64 So. 3d 1167, 1173 (Fla. 2011) (disbarring attorney for practicing law while suspended, even where attorney suffered from posttraumatic stress disorder, anxiety, and depression); Fla. Bar v. D'Ambrosio, 25 So. 3d 1209, 1220 (Fla. 2009) (disbarring suspended attorney who held himself out as eligible to

practice law by sending letters on firm letterhead subsequent to suspension); Fla. Bar v. Forrester, 916 So. 2d 647, 654-55 (Fla. 2005) (disbarring attorney for practicing law while suspended); Fla. Bar v. Heptner, 887 So. 2d 1036, 1045 (Fla. 2004) (disbarring attorney for multitude of violations, but noting that disbarment would be appropriate solely on basis of continuing to practice law after being suspended); Fla. Bar v. Rood, 678 So. 2d 1277, 1278 (Fla. 1996) (disbarring attorney for practicing while suspended); Fla. Bar v. Greene, 589 So. 2d 281 (Fla. 1991). Moreover, given Norkin's continuation of his egregious behavior following his suspension and during the administration of the public reprimand, we conclude that he will not change his pattern of misconduct. Indeed, his filings in the instant case continue to demonstrate his disregard for this Court, his unrepentant attitude, and his intent to continue his defiant and contemptuous conduct that is demeaning to this Court, the Court's processes, and the profession of attorneys as a whole. Such misconduct cannot and will not be tolerated as it sullies the dignity of judicial proceedings and debases the constitutional republic we serve. We conclude that Norkin is not amenable to rehabilitation, and as argued by the Bar, is deserving of permanent disbarment. See Fla. Bar v. Behm, 41 So. 3d 136, 139-40 (Fla. 2010) (stating that persistent course of unrepentant misconduct warrants permanent disbarment); Fla. Bar v. Carlson, 183 So. 2d 541 (Fla. 1966) (stating that

permanent disbarment is warranted where conduct of respondent indicates he is beyond redemption).

Accordingly, Respondent Jeffrey Alan Norkin is hereby permanently disbarred. Because Respondent is currently suspended, the permanent disbarment is effective immediately. Respondent shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Jeffrey Alan Norkin in the amount of $3,034.19, for which sum let execution issue.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS DISBARMENT.

Original Proceeding – The Florida Bar

John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Florida; Adria E. Quintela, Staff Counsel, and Randi Klayman Lazarus, Bar Counsel, The Florida Bar, Sunrise, Florida,

for Complainant/Petitioner

Jeffrey Alan Norkin, pro se, Pompano Beach, Florida,

for Respondent