# Supreme Court of Florida

---

No. SC2021-1025

---

**THE FLORIDA BAR,**
Petitioner,

vs.

**JEFFREY ALAN NORKIN,**
Respondent.

September 19, 2024

PER CURIAM.

We have for review a referee's report recommending that Respondent, Jeffrey Alan Norkin, be found in indirect criminal contempt of our October 8, 2015, order permanently disbarring him from the practice of law in Florida, and that he be incarcerated for a period of 10 days, among other sanctions.[1]  As discussed below, we approve the referee's findings of fact and the recommendation that Norkin be held in contempt.  However, we disapprove the referee's recommended sanction, and we instead sentence Norkin to 60 days

---

1. We have jurisdiction.  *See* art. V, § 15, Fla. Const.

in the Broward County Jail, with 50 days of the sentence suspended contingent upon Norkin completing five months of probation. As a condition of his probation, Norkin must obtain a psychological evaluation within 30 days of his release from jail and begin any recommended treatment thereafter.

## BACKGROUND

In October 2013, we suspended Norkin from the practice of law for two years for acting in an "unprofessional and antagonistic manner during the course of litigating a civil case" and ordered him to appear before this Court for a public reprimand. *Fla. Bar v. Norkin*, 132 So. 3d 77, 79 (Fla. 2013). The misconduct occurred while Norkin was representing Mr. David Beem in a civil lawsuit against Beem's business partner. *See id.* During the course of the litigation, Norkin engaged in combative, "unprofessional behavior towards the presiding judges, a senior judge who was appointed to serve as a court-appointed provisional director of the corporation, and opposing counsel." *Id.* On numerous occasions while in court, Norkin "would raise his voice and behave in an angry, disrespectful manner," and he "persisted until the proceedings were disrupted." *Id.* at 84. Norkin made it impossible for the court to conduct

hearings, and the judge "was forced to terminate proceedings and refer all discovery matters to a general magistrate." *Id.* Norkin also sent insulting and disparaging letters and e-mails to his opposing counsel and made insulting statements regarding opposing counsel in public. *Id.* at 85-86.

The order suspending Norkin required him to comply with Rule Regulating The Florida Bar 3–5.1(h) by giving "notice of the suspension to all clients, opposing counsel or co-counsel, and all courts, tribunals, or adjudicative agencies before which the attorney is counsel of record by furnishing them with a copy of the suspension order." *Fla. Bar v. Norkin,* 183 So. 3d 1018, 1019-20 (Fla. 2015). However, despite several notifications of his noncompliance, Norkin failed to submit the required affidavit to Bar counsel. He instead "sent bar counsel three offensive and threatening e-mails evidencing 'complete disregard for the contents of the Court's opinion, as well as the reprimand administered by Justice Polston.'" *Id.* at 1020.

Moreover, Norkin engaged in the practice of law while suspended by e-mailing opposing counsel regarding a case, drafting motions for a client, and having multiple telephone conversations

- 3 -

with a client regarding the client's case. *Id.* at 1022. In imposing a sanction, we noted that we do not hesitate "to disbar attorneys who continue to practice law after being suspended." *Id.* at 1023. We also considered Norkin's "continuation of his egregious behavior following his suspension and during the administration of the public reprimand" and that he has "continue[d] to demonstrate his disregard for this Court, his unrepentant attitude, and his intent to continue his defiant and contemptuous conduct." *Id.* Thus, we concluded that permanent disbarment was warranted, and on October 8, 2015, we permanently disbarred Norkin from the practice of law in Florida. *Id.*

Nevertheless, after being permanently disbarred, Norkin continued to represent Beem in the civil matter. Norkin filed pleadings attempting to attain party status in Beem's lawsuit, which at the time still had a number of post-trial matters pending. The circuit court rejected Norkin's request for party status. Yet, Norkin appeared in court proceedings and filed motions, responses, and memoranda of law in the matter on behalf of Beem. Norkin also used the e-mail domain associated with his prior law practice—i.e., norkinlaw.com—in his signature blocks in the pleadings.

Because he continued to engage in the practice of law after being permanently disbarred, Norkin was charged in September 2016 in the Eleventh Judicial Circuit with one count of practicing law while disbarred or suspended in violation of section 454.31, Florida Statutes (2016). The charging information accused Norkin of filing a series of motions authored by himself and signed by himself and Beem after the court denied his motion to be added as a party, communicating with opposing counsel, filing a brief in bankruptcy court, and attempting to make himself a party to the plaintiff's bankruptcy case. In August 2022, Norkin pled no contest to one count of unlicensed practice of law. He was sentenced to one year of administrative probation, with the special conditions that he stay away from the plaintiff in Beem's case and cease all use of his norkinlaw.com e-mail address.

Even when Norkin's criminal case was ongoing, Norkin continued to act as legal counsel for Beem from 2018 to 2021. He continued to insist on his right to proceed as a party in Beem's civil case, even though the circuit court had rejected his position. Furthermore, Norkin moved the Third District Court of Appeal to add him as a co-appellant on all issues in the appeal of Beem's civil

case, but the district court denied his request on April 22, 2019. Nevertheless, Norkin proceeded to file over 20 documents in the Third District.

In July 2020, he even filed a notice to invoke this Court's discretionary jurisdiction to review the Third District's decision in Beem's appeal, as well as a motion to disqualify certain justices. And despite the clear terms of his criminal probation, Norkin again used his norkinlaw.com e-mail address in the signature block of the motion.

On March 4, 2020, Norkin sent a settlement letter demanding that the plaintiffs settle with Beem and himself. In the letter, Norkin used the terms "we" and "us," clearly indicating that he was attempting to negotiate on behalf of Beem and that he had the authority to reach a settlement.

In the instant Bar discipline proceedings, the referee found that by filing joint motions on behalf of Beem, advocating and negotiating on Beem's behalf, and using his norkinlaw.com e-mail address in pleadings, Norkin intentionally engaged in the unlicensed practice of law in violation of this Court's disbarment order. He found that Norkin continued these actions even though

he was criminally charged, which had put him on notice that his continued filings constituted the unlicensed practice of law in contravention of this Court's disbarment order. The circuit court's denial of his motion to be added as a party, the Third District's denial of his motion to be added as a co-appellant, the bankruptcy court's striking of his brief, the information, and the affidavit for arrest warrant gave Norkin ample notice that his financial interest alone did not give him permission to file pleadings when he was not a named party.

The referee found that Norkin used his defunct Bar credentials to e-file pleadings after he was disbarred. Upon review of Norkin's e-portal profile, it was discovered that Norkin had an "active" profile with the role designated as an "attorney." Also, the profile was linked to Norkin's norkinlaw.com e-mail address and his now defunct Bar number. Norkin stipulated that he used his e-portal account to file documents on more than 200 occasions since he was disbarred.

Also, Norkin operated a website for his company Assurance Client Support (ACS). The website was misleading as to his true status with The Florida Bar in that he held himself out as a

practicing attorney and did not clarify that he was in fact disbarred. Also, Norkin's Facebook page, which contained a segment on his employment history, gave viewers the impression that ACS was a law firm consisting at least in part of attorneys who work as "in-house counsel," a position which is ordinarily understood to be occupied by attorneys. Thus, Norkin held himself out as a practicing attorney on his Facebook page after being disbarred.

Additionally, while the case was pending before the referee, Norkin engaged in inappropriate behavior. He accused Bar counsel of being unethical, committing fraud upon the court, and engaging in criminal activity. He claimed the referee was being influenced by outside entities. And he insinuated he would harm himself if he received an unfavorable outcome in this case.

The referee recommends that Norkin be adjudicated guilty of indirect criminal contempt for intentionally violating this Court's October 8, 2015, order permanently disbarring Norkin from the practice of law. As to the sanction, the referee recommends that Norkin be sentenced to 10 days in the Broward County Jail followed by five months of probation. As a special condition of that probation, the referee recommends that Norkin must obtain a

psychological evaluation within 30 days of his release from jail and begin any recommended treatment thereafter. Further, the referee recommends that Norkin be ordered to pay the Bar's costs and enjoined from practicing law.

The Bar challenges the referee's recommended sanction, contending that Norkin should be sentenced to 60 days incarceration in the Broward County Jail.[2] After the Bar filed its initial brief, Norkin proceeded to file numerous motions, tolling the time for filing his answer brief. The Court ruled on the motions and ordered that Norkin file his answer brief within 14 days of the Bar filing the transcripts, warning Norkin that filing additional motions would not toll the time for the deadline of his answer brief. After the Bar filed the required transcripts, Norkin failed to file his answer brief within the 14 days. Approximately six weeks after it was due, he filed his answer, which was stricken as untimely.

2. Norkin's notice of intent to seek review in this case was stricken because despite the Court giving him additional time to file the necessary documents, he failed to file an initial brief and transcripts in accordance with Rule Regulating The Florida Bar 3-7.7(c)(2)-(3) and this Court's order dated March 10, 2023. *Fla. Bar v. Norkin*, No. SC2021–1025 (Fla. order entered May 19, 2023).

## ANALYSIS

To begin, the referee's factual findings and recommendation that Norkin be held in contempt are not in dispute. As we find ample support for both in the record, we approve the referee's factual findings and recommendation that Norkin be held in contempt without further comment.

That leaves the referee's recommended sanction of 10 days in jail and the Bar's request for a 60-day sentence. Our review of a referee's recommended sanction is broader than that afforded to the referee's findings of fact because, ultimately, it is our responsibility to order the appropriate sanction. *Fla. Bar v. Picon*, 205 So. 3d 759, 765 (Fla. 2016) (citing *Fla. Bar v. Anderson*, 538 So. 2d 852, 854 (Fla. 1989)); *see also* art. V, § 15, Fla. Const. Further, we have broad discretion to impose any sanction here that might otherwise be imposed for contempt. *See* R. Regulating Fla. Bar 3-7.11(f)(1)(F) (providing that this Court may issue "an appropriate judgment" and that the judgment may include "any sanction that a court may impose for contempt"); *see also Fla. Bar v. Palmer*, 149 So. 3d 1118, 1120 (Fla. 2013) ("[T]his Court has inherent authority to enforce its orders to ensure compliance with those orders."); *Parisi v. Broward*

*County*, 769 So. 2d 359, 363 (Fla. 2000) ("It has long been recognized that courts have the authority to enforce a judgment by the exercise of their contempt powers.").

In recommending an appropriate sanction, the referee considered evidence in aggravation and mitigation. The referee found the following aggravating factors: (1) prior disciplinary offenses; (2) a pattern of misconduct; and (3) refusal to acknowledge the wrongful nature of conduct. *See* Fla. Std. Imposing Law. Sancs. 3.2. The referee also considered Norkin's inappropriate behavior during the disciplinary process, which included him (1) accusing Bar counsel of being unethical, committing a fraud upon the court, and engaging in criminal activity; (2) accusing the referee of being influenced or coerced by outside entities; and (3) insinuating that he would harm himself if the referee assessed costs in favor of the Bar or recommended a sentence of incarceration.

Additionally, the referee considered the following mitigating factors: (1) absence of a dishonest or selfish motive; (2) personal or emotional problems; (3) character or reputation; (4) mental disability or impairment; (5) employment; and (6) absence of harm to a client. *See* Fla. Std. Imposing Law. Sancs. 3.3.

While the referee found several mitigating factors, they are not sufficient to outweigh the egregious nature of Norkin's misconduct coupled with the significant aggravating factors. Norkin has continued to engage in the practice of law despite being permanently disbarred and despite being prosecuted criminally for the unlicensed practice of law. Although the circuit court denied his motion to be added as a party and the Third District denied his motion to be added as a co-appellant, Norkin disregarded the courts' rulings and continued to insist on his right to appear in the *Beem* litigation. He filed over 20 documents in the Third District and then even filed a notice to invoke discretionary review in this Court.

Norkin has shown a blatant disregard for the authority of the courts, including this Court, by his refusal to abide by their and our orders. This is part of a larger pattern of disrespect for the courts, opposing counsel, and the judicial system as a whole that relates back to the initial misconduct that resulted in his suspension. Given Norkin's staunch refusal to acknowledge any wrongdoing and his vow to "never stop," the only means of compelling his future

compliance with this Court's disbarment order is with a meaningful sanction.

This Court has exhausted all sanction options other than ordering a period of incarceration. Although the referee recommended a 10-day sentence, the Bar argues that it is too lenient given the circumstances of this case and asks for a 60-day sentence without probation. Considering Norkin's pattern of misconduct we believe a period of incarceration followed by probation during which Norkin is required to undergo a psychological evaluation would be appropriate. We therefore sentence Norkin to 60 days in the Broward County Jail with 50 days of the sentence suspended, contingent upon him completing probation with special conditions. *See Palmer,* 149 So. 3d at 1119 (holding disbarred attorney in indirect criminal contempt and sentencing him to a period of 60 days' incarceration but suspending his jail sentence on rehearing); *cf. Fla. Bar v. Schramek,* 670 So. 2d 59 (Fla. 1996) (sentencing a nonlawyer to 90 days' incarceration, with 60 days suspended, for entering a notice of appearance on behalf of a client and corresponding with the court as the legal representative of the client).

## CONCLUSION

The referee's findings of fact and recommendation that Norkin be held in contempt are approved. The referee's recommended sanction is disapproved, and Jeffrey Alan Norkin is hereby sentenced to 60 days in the Broward County Jail, with 50 days suspended contingent upon his successful completion of five months of probation with the special condition that Norkin must obtain a psychological evaluation within 30 days of his release from jail and begin any recommended treatment thereafter. Norkin shall surrender to the Broward County Sheriff within five days after service of this opinion on Norkin. In the event Norkin does not surrender, the Sheriff of Broward County, Florida, is authorized and directed to take Norkin into custody and imprison him for 60 days. All pending motions are hereby denied.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399–2300, for recovery of costs from Jeffrey Alan Norkin in the amount of $23,915.39, for which sum let execution issue.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, Patricia Ann Toro Savitz, Staff Counsel, and Mark Lugo Mason, Bar Counsel, The Florida Bar, Tallahassee, Florida,

    for Complainant

Jeffrey A. Norkin, pro se, Pompano Beach, Florida,

    for Respondent